50  491
77  541

## NICHOLAUS vs. THIELGES.

*November 15 — November 30, 1880.*

PARTNERSHIP:   COURT AND JURY.   *(1) What constitutes partnership.
(2) When question not for the jury.*

1. A mere agreement that, for his services in conducting A.'s business, B.
   shall be paid out of the *profits*, is not sufficient to constitute a *partner-
   ship*.
2. In an action by A. against an officer who, on an attachment against B.,
   had seized property as partnership property of A. & B., where the clear

proof as to the actual arrangement between A. and B. showed that there was no partnership, there was no error in taking that question from the jury, notwithstanding proof that on some occasions A. had spoken of B. as his "partner." So *held* where no question of *estoppel* was involved.

APPEAL from the Circuit Court for *Washington* County.

Replevin, for two cows, which defendant, as under-sheriff, had seized as the property of one Minkel, upon an attachment. By direction of the court, the jury rendered a verdict for the plaintiff; and defendant appealed from a judgment on the verdict.

The cause was submitted on the brief of *Frisby, Weil & Barney* for the appellant, and that of *O'Meara & Miller* for the respondent.

COLE, C. J.   We do not think there was any error in the circuit court directing the jury to find for the plaintiff, in view of the evidence given on the trial.   A verdict for the defendant, which would in effect have justified the taking of the cows as partnership property in the attachment suit of *Fugel v. Minkel*, would have been unwarranted.   It is true, there was testimony that the plaintiff had called Minkel his "partner;" had said that Minkel was his partner in the business of buying and selling cattle.   But when the plaintiff comes to explain — as he did in his testimony — their way of doing business, it is very plain that no contract of partnership existed between them in respect to such business.   Besides, the plaintiff says that he never agreed to go into partnership with Minkel; that he furnished all the money to buy with; that he had himself to bear all the losses; that he did not allow Minkel to take or handle any of the money used for the carrying on of the business; and that he paid Minkel part of the profits when any were realized.   All this shows that there was really no agreement to form a partnership as between themselves.   There was surely no contract for a community of interest in the profits and losses of the business, which is one of

the usual tests of a partnership. We infer that the arrangement was, that Minkel was to be paid for his services out of the profits, and that this was only a mode of fixing his compensation. It was very much like the agreement between Mrs. Ford and Imus, in *Ford v. Smith*, 27 Wis., 267, which, this court decided, did not constitute a partnership, but was only an arrangement by which Imus was to be paid his wages, or was to obtain compensation for his services. This is rendered more clear by the testimony of John Nicholaus, who was present when the plaintiff made his agreement with Minkel for transacting the business, and states the nature of the contract. John says that the parties did not agree to go into partnership; that they made the same arrangement that he had once made with Minkel for carrying on the same business, which was, that Minkel was to have part of the profits as his pay, but was not to be a partner therein. This clear and positive testimony as to the real agreement between the parties should overcome and do away with any general statements or admissions made by the plaintiff to the effect that Minkel was his partner. For it is very evident, when we get at the facts, that there was to be no sharing of profits and loss in the business; no community of interest in the profits, as such, which is the principal criterion of a partnership. We therefore think there was no error on the part of the court in ordering a verdict for the plaintiff upon the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.