JOECKEL, by next friend, vs. JOECKEL.

*December 12, 1882 — January 9, 1883.*

*Gift to infant — Evidence — Court and jury.*

1. In replevin for a cow, the undisputed evidence showing that the cow was given, when a calf, to the infant plaintiff and that it was delivered to and received by her with the consent of her father to be kept by him for her, a verdict was properly directed in her favor against the defendant, a vendee of all her father's stock.

2. The defendant was asked whether the plaintiff, her mother, *or any one else* had made any claim that the cow belonged to the plaintiff until this claim arose on the suit. *Held*, that an objection to such question was properly sustained.

3. The offer in evidence of a contract between the defendant and the plaintiff's father by which the former was to deliver to the plaintiff a cow at the date of her marriage, is *held* to have been properly refused.

APPEAL from the Circuit Court for *Washington* County.

Replevin for a cow. The action was commenced in justice's court. The defendant was a brother of the plaintiff, and claimed title to the cow under a sale to him by his father of all of the real estate, live-stock, etc., of the latter. Upon the trial in the circuit court, the defendant, after having testified that he took possession of the cow together with the other property purchased from his father, was asked: "Was there any claim made by your mother or *Caroline* [the plaintiff], or any one else, that this cow belonged to *Caroline*, till this claim arose on this suit?" An objection to the question, by the plaintiff, was sustained. The defendant also offered in evidence a contract between himself and his father for the support of his father and mother, and the payment of certain moneys, and the delivery to the plaintiff of a cow at the date of her marriage, such contract having been given by him as the consideration for the purchase of his father's land, stock, etc. An objection to this evidence was also sustained.

The court directed a verdict for the plaintiff and from the judgment thereon the defendant appealed.

The cause was submitted for the appellant on the brief of *Frisby & Weil*, and for the respondent on that of *I. N. Frisby*.

ORTON, J. The main and undisputed facts in this case are that one Leonard Joeckel, her brother, gave to the plaintiff the calf, which had grown to the cow in dispute, and that it was delivered to and received by her with the consent of her father, and to be kept by him for her. There having been

no evidence against this statement of fact, it was proper by all authority for the court to direct a verdict for the plaintiff. *Lawrence University v. Smith*, 32 Wis., 587; *Williams v. Porter*, 41 Wis., 422; *Nicolaus v. Thielges*, 50 Wis., 491; *Schomer v. Hekla Fire Ins. Co.*, 50 Wis., 575; *Jucker v. C. & N. W. Railway Co.*, 52 Wis., 150; *Sabotta v. St. Paul F. & M. Ins. Co.*, 54 Wis., 687; *Spensley v. Lancashire Ins. Co.*, 54 Wis., 433. The jury would not have been warranted by the evidence in finding for the defendant, and such a verdict, if found, would have been properly set aside by the court as being clearly against all evidence. The point made by the learned counsel of the appellant, that the calf was received by the plaintiff in payment for her wages, and therefore belonged to her father, is not well taken, because — *First*, the evidence shows very clearly it was a *gift*, and not a *purchase; secondly*, if it was a purchase in consideration of her services, it was by the consent of her father; and, *thirdly*, there was no agreement for service proved between Leonard and the plaintiff or her father, and no facts shown from which such an agreement could be implied.

The question whether the plaintiff or *her mother or any one else* made any claim that the cow belonged to *Caroline* until this claim arose on the suit, was clearly objectionable as being too broad by including others besides the plaintiff, and the offer of the contract between the defendant and his father was properly refused, because irrelevant, and no such contract could affect the right of the plaintiff, she not being a party or having assented thereto. This case is very like *Wambold v. Vick*, 50 Wis., 456, and, if there is any difference, this is the stronger and clearer case of a gift accompanied by full delivery. See, also, *Fonda v. Van Horn*, 15 Wend., 631; *McCloskey v. Cyphert*, 27 Pa. St., 220; *Boobier v. Boobier*, 39 Me., 406; Tyler on Inf., 122, 242.

*By the Court.*— The judgment of the circuit court is affirmed.