## WILKE vs. WILKE.

EVIDENCE: *Voluntary destruction of deed; when and in whose favor the grantee's title may be shown by parol.*

1. Grantee of land who voluntarily destroys his deed, cannot make parol proof of his title.
2. The destruction of the deed does not, however, re-vest the title in the grantor.
3. Innocent parties claiming under or through such grantee may show by parol the execution, delivery and destruction of the deed.
4. Thus, where a judgment in divorce assigned to the wife an undivided half of the husband's land, she might show by parol, in ejectment against a third person, that the husband owned the land in dispute when the judgment in divorce was rendered, by showing that he had acquired title by an unrecorded deed, which he had subsequently destroyed and procured a new deed to be executed by his grantor to the defendant, for the purpose of defrauding her of her rights in the land.

APPEAL from the Circuit Court for *Fond du Lac* County.
Ejectment, for an undivided half of certain premises. Plain-

tiff claimed under a judgment rendered in 1867, in an action for divorce brought by her against Wilhelm Wilke; by which judgment a divorce was granted, and title to an undivided half of the premises described in the complaint in this action was awarded to her by way of alimony. The nature of the evidence by which she undertook to show in this action Wilhelm Wilke's title to the premises, will sufficiently appear from the opinion. The evidence was ruled out, and judgment of nonsuit rendered; from which the plaintiff appealed.

*Frisby & Weil*, for appellant, cited *Parker v. Kane*, 4 Wis., 1; *Donovan v. Donovan*, 20 Wis., 585; *Kirby v. Kirby*, 1 Paige, 261; Willard's Eq. Jur., 664; R. S., ch. 111, sec. 29; Bishop on M. & D., §§ 560 b, 560 c; 1 Johns. Ch., 364; *Rogers v. Cross*, 3 Chand., 34; 1 Greenl. Ev., § 558 and note 2, and cases there cited.

*Wm. D. Conklin*, for respondent, argued, among other things, that ejectment can be maintained only by one who has the *legal* title, and an equitable title will not avail (Adams on Ejectm., 32, and cases there cited; id., 275; 2 Greenl. Ev., 304; 13 Wis., 472; 19 id., 537); that parol declarations are inadmissible to prove or disprove title to lands (*Jackson v. Miller*, 6 Cow., 751; 5 id., 133; 6 Johns., 21; 7 id., 186; 10 id., 336, 338, 358; 16 id., 302; 6 Wis., 30; 15 id., 641; 9 id., 379); and that, in case of the voluntary destruction of a deed of conveyance of land, the grantee will not be permitted to give parol evidence of his title. *Parker v. Kane*, 4 Wis., 1, 12; *Rasdall v. Rasdall*, 9 id., 379.

COLE, J. It appears that when the court dissolved the marriage contract at the October term, 1867, it further, by its judgment, transferred and set over to the plaintiff the real estate described in the complaint. At this time it is claimed the real estate really belonged to the defendant in the divorce suit, Wilhelm Wilke.

The plaintiff, to maintain her right to recover the possession of the property, offered to show by parol testimony the follow-

.ing facts: That in 1849 the title to the real estate was in one Christopher Baker; that Baker and wife, in July, 1849, by a warranty deed, conveyed the land to Wilhelm Wilke for a valuable consideration by the grantee then paid; that this deed was never recorded; but that the grantee took possession under it, and continued in possession until September, 1857, when the defendant in this action and the grantee went together to Baker with the unrecorded deed, and voluntarily destroyed it, and obtained from Baker another deed of the land running to the defendant, without any other or further consideration than the original consideration paid on the execution of the first deed to Wilhelm Wilke; and that this was done for the purpose of cutting off any rights the plaintiff might have in the property. This testimony being objected to, the court excluded it, on the ground that the plaintiff could not establish her title in the action by parol testimony in this manner. It seems to us that this ruling of the circuit court was clearly erroneous.

There can be no doubt about the correctness of the proposition that the voluntary destruction of the deed by Wilhelm Wilke did not have the effect to revest the title in Baker. The title still remained in the grantee. *Parker v. Kane*, 4 Wis., 1, and authorities there cited. And it is held in that case, that if the grantee voluntarily destroys the deed which is the proper evidence of his title, he will not be permitted to give parol evidence of his title as in the case of a lost deed, or one destroyed by accident or mistake. And the reason of this doctrine is there given, which is, that when a party by his own voluntary act destroys his deed, which is the proper evidence of his title, he will not then be permitted to subvert all rules of evidence and introduce an inferior grade of proof to establish title to real estate. And there is no hardship in the rule when applied to such a case, and to the party himself who has voluntarily destroyed his own deed. But in respect to third parties the case is quite different. They have not by their own volition placed the higher grade of proof beyond reach. Suppose the

creditors of Wilhelm Wilke had attempted to subject a portion of this real estate to the payment of his debts. Upon what principle would they be precluded from showing by parol evidence that the land belonged to him; that he paid for it and procured his deed, but, while the deed was unrecorded, he destroyed it and had his grantor give another deed to some third party in order to place the property beyond the reach of his creditors? We suppose the creditors might, under such circumstances, levy upon the land and sell it, and bring ejectment upon the sheriff's deed and show all these facts in support of the title. So in the case before us. The plaintiff proposes to show — by parol testimony, it is true — that the title to the real estate was in her husband, when the decree of divorce was rendered, and when a portion of the property was adjudged to her by the court. If the title was in the defendant in the divorce suit at that time, then manifestly an undivided one-half of the real estate was, by the judgment of the court, transferred to the plaintiff. *Donovan v. Donovan*, 20 Wis., 586. The legal title was in the plaintiff upon this supposed state of facts, and she could recover upon it. For, as we have already remarked, the voluntary destruction of the deed by the grantee did not operate to divest him of the title. The title still remained in him, though he might not be permitted to show this fact by secondary evidence, because he had voluntarily and deliberately destroyed his deed for a fraudulent purpose. But because he is not permitted to enjoy the benefit of the rule admitting parol evidence to prove the contents of the deed given him by Baker, this surely is no reason why the plaintiff should be precluded from showing the facts in respect to the title. Of course, the object of the rule of law which requires the production of the best evidence of which the facts sought to be established are susceptible, is the prevention of fraud. 1 Greenl. Ev., § 82. The plaintiff is unable to prove that the title was in her husband by producing

the deed executed by Baker to him, because her husband willfully destroyed this deed, which was the higher and better evidence of title. He destroyed it, too, as we must assume on the offer, with the intent to produce a wrong and injury to her, and for a fraudulent purpose. We have no doubt that the evidence offered was admissible, and that the court erred in rejecting it.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.