WAMBOLD, by guardian, vs. VICK.

*November 12 — November 30, 1880.*

REPLEVIN: RIGHTS OF MINOR: EVIDENCE. *(1) When insolvent's minor son may acquire property. (2) Proof of plaintiff's right in replevin. (3) Evidence of title by gift: res gestæ. (4) Proof of officer's warrant and return.*

1. A father, though insolvent, may, by agreement with his minor son, relinquish his right to the services of the latter; and the son may thereafter acquire property, and hold it against the father or his creditors.

2. In replevin against an officer who has attached the property in an action against a stranger, proof that plaintiff was in possession, claiming the property as his own, at the time of the seizure, is sufficient to maintain the action, in the absence of any evidence that the attachment defendant had any interest in the property.

3. In such a case, where plaintiff's evidence tended to show that the property had been purchased by her brother (a minor who had been emancipated by his father some time before the purchase), and that it had then been *formally presented* to her by her brother in the presence of friends: *Held*, that what was said on that occasion was admissible in evidence as a part of the *res gestæ;* and that the general circumstances of the family at the time might be shown, to corroborate the direct testimony in relation to such alleged purchase and presentation.

[4. *It seems* that neither the original return of an officer to a writ of attachment, nor (as in this case) the statement of such return in the docket of the justice to whom it was made, can be received in evidence against the officer, without proof of the contents of the *warrant;* and that where the warrant and return are lost, their contents may be shown *by parol.* But these questions became immaterial here.]

APPEAL from the Circuit Court for *Milwaukee* County.

Replevin, for a piano and a piano stool and cover, which defendant had taken as constable on an attachment against the property of plaintiff's father. At the time of the levy, plaintiff was an infant living at the house of her father, where the property was found; but she claimed that the property then was, and for several years had been, in her possession as her own property by gift from her brother, who, at the time of making such gift, was also an infant. The case is further

stated in the opinion. The plaintiff had a verdict and judgment, and the defendant appealed.

*M. N. Lando*, for the appellant.

For the respondent there was a brief by *A. G. Weissert*, her attorney, with *John R. Reiss*, of counsel, and oral argument by *Mr. Reiss*.

ORTON, J. It is a well-settled principle of law, that a father may emancipate his minor son, and by agreement with him relinquish the right he would otherwise have to his services. *Monaghan v. School Dist. No. 1, Town of Randall*, 38 Wis., 100. And this he may do although insolvent at the time. *Atwood, Trustee, v. Holcomb*, 39 Conn., 270; *Lackman v. Wood*, 25 Cal., 147. It follows, therefore, that Levant Wambold, the infant son of the defendant in the attachment, had the right to acquire the property in controversy, by purchase or otherwise, from William Daniels, and hold it as against his father or his father's creditors, and give it, if he saw fit, to his infant sister.

Another principle of law is equally well settled, and that is, that prior possession is *prima facie* evidence of title, to maintain an action to recover the property or its value as against a mere wrong-doer. *Rogan v. Perry*, 6 Wis., 194; *Armory v. Delamirie*, 1 Smith's Lead. Cases, 584; *Coffin v. Anderson*, 4 Blackf., 395. If, then, the plaintiff was in possession of the property when the defendant, as constable, seized it on the attachment against her father, A. Wambold, claiming it as her own, and it was not shown that A. Wambold had any interest in it, the defendant took it without right, and was a mere trespasser, and the plaintiff was entitled to recover.

In this case, however, the plaintiff went further, and not only proved that she was in the sole possession of the property at the time, and claimed it as her own in the presence of the defendant, and protested against its seizure, but introduced evidence tending to prove that her infant brother, Levant,

purchased the piano, stool and cover of one William Daniels, and paid him the purchase money therefor, and afterwards, in the presence of several friends, who had assembled for the purpose of witnessing it, made a formal presentation and gift of them to her. The contract between Levant and Daniels, of the sale, was introduced in evidence, and Daniels testified that Levant had fully paid the purchase money. It was sought, on the part of the defendant, to show that part of this purchase money came from the father, the defendant in the attachment; but the attempt wholly failed. The gift by Levant to the plaintiff, his sister, was also conclusively proved. These facts being established, the statements or evidence of A. Wambold became quite immaterial, as well as the attempt to contradict or impeach him, and therefore the exceptions relating to his evidence or statements need not be considered. What was said, as well as what was done, on the occasion of the presentation or gift, were part of the *res gestæ*, and not hearsay; and the general circumstances of the family at the time of the pretended purchase and gift were proper to be shown, to sustain and corroborate and make probable the transactions as testified to by the plaintiff and her brother, and therefore were not irrelevant.

This being our view of the case, the question as to the admissibility of the evidence to prove the contents of the warrant of attachment and return thereon, the originals being lost, becomes immaterial; for it is assumed that the defendant, as constable, had the right to attach the property of A. Wambold. It may be intimated, however, that there appears to be no reason why the contents of these lost documents might not have been shown by parol, under the general rule. *Rogers v. Cross*, 3 Chand., 34; *Wilke v. Wilke*, 28 Wis., 296. The circuit court excluded the parol evidence offered to prove either the writ or the return, but allowed the plaintiff to show, by the statement of the return made by the justice in his docket, that there was no valid service on the defendant in the attachment. This

certainly should not have been allowed; for even the original return, if it had been present, could not have been offered in this suit against the officer without the warrant upon which it was made. *Weinberg v. Conover*, 4 Wis., 803. If, then, the original return would not be admissible without the warrant, much less would such a statement of it be admissible without the warrant, or proof of its contents, if lost. Both the original warrant and return were lost, and proof of the contents of either was rejected. In this, we are inclined to think, the court committed a double error; but both are immaterial, because there was no proof that A. Wambold, the attachment defendant, had any interest in the property. The circuit court very properly directed a verdict for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed, with costs.