## DELANEY VS. CANNING.

*April 19 — May 10, 1881.*

EVIDENCE.    *(1) Burden of proof.    (2) Evidence in replevin under general denial.*

REPLEVIN.    *(2, 3)    Defense under right of third person.*

1. The party who relies on an estoppel *in pais* has the burden of proving facts which create the estoppel.
2. In an action to recover possession of chattels, commenced in justice's court, defendant, under a mere general denial, may show that plaintiff has not the title or right of possession, and to that end may prove title either in himself or *in a stranger.*
3. Where defendant in such a case has shown that he had rightful possession under a third person, the fact that, without authority from the owner, he has given a bill of sale of the chattels to plaintiff, will not defeat his right of possession as against the latter; and the purpose for which he gave such bill of sale is immaterial.

APPEAL from the Circuit Court for *Grant* County.

Replevin, commenced in justice's court, against *John Canning*, for a "George Prince organ." The complaint was in the usual form, and the answer was a general denial. From a judgment in defendant's favor, plaintiff appealed to the circuit court, where the cause was tried without a jury. The finding of the court is sufficiently stated in the opinion. Defendant again had a judgment; and plaintiff appealed.

*H. F. McNelly,* for the appellant.

For the respondent there was a brief by *Brooks & Dutcher,* and oral argument by *Mr. Brooks.*

COLE, C. J.    The learned circuit judge found as facts proven, that the organ in question was the property of Maggie Canning, and that the plaintiff unjustly took and detained the same; and also found the value of the property, damages for its detention, and that the defendant was entitled to the possession thereof. This finding is in substance the same as the verdict of the jury on the trial in the justice's court. There is

unquestionably abundant testimony in the case to sustain it. It is unnecessary to remind counsel of the rule so often affirmed by this court, that the finding of the trial court upon questions of fact will not be disturbed unless it appears to be against the clear weight of testimony. The preponderance of evidence is certainly in support of the finding in this case, and therefore it will not be disturbed. But it is said by the plaintiff's counsel that Maggie Canning was estopped from setting up title to or claiming the organ, for the reason that she knew of the giving of the bill of sale to the plaintiff by her father, and did not assert her rights. The possession of the organ was not changed. Besides, it appears from the testimony of Maggie that she did not object to her father giving the bill of sale, and this testimony is not overcome by that of the plaintiff, supported as it is by other evidence. But at all events there is no ground for assuming, upon the testimony, that Maggie stood by when this bill of sale was executed, and consented to it either by word or deed. Nor is there anything to show that she ever made any declarations, in respect to the ownership of the organ, which the plaintiff acted upon, and which should operate as an estoppel against her claiming it. She says she disclosed her title to the plaintiff before the execution of the bill of sale; but this the plaintiff denies, and states that he had no conversation with her upon the subject. But clearly the burden rested with him to show that she had made some admission about the ownership of the organ, upon the faith of which he had acted, or had done something which precluded her from afterwards claiming the property as her own. This he has entirely failed to show.

Under the decision in *Timp v. Dockham*, 32 Wis., 146, it was unnecessary for the defendant to plead title in Maggie in his answer. The action was commenced in justice's court, and the general denial, according to the doctrine of the above case, put "in issue not merely the taking or detention by the defendant, but also the title and right of possession in the

plaintiff; and under it the defendant may not only show that the plaintiff has no title or right of possession, but, by way of establishing that fact, he may prove title in himself or in a stranger." Page 151. The question is quite fully considered by Chief Justice Dixon in that case, and further discussion of it here is not called for. Consequently, when it was proven that the organ was not the plaintiff's, but was really the property of Maggie Canning, it followed that the plaintiff had illegally taken it by his writ from the possession of the defendant, and had no right whatever to retain it as against him. Under the circumstances there was no error in the court ordering the organ to be restored to the possession of the defendant. It is true that, while the plaintiff claimed that the bill of sale was given to secure a *bona fide* indebtedness due him by the defendant, the defendant himself stated that it was merely given to place the property beyond the reach of his creditors. But even if the bill of sale was actually given for the purpose stated by the defendant, still, if the property really belonged to Maggie, we see no reason why it should not be restored to the defendant. He was not seeking to take advantage of any fraudulent act of his; or, in other words, was not precluded from holding the organ as Maggie's. So, in any view of the case, we think the judgment was correct, and must be affirmed.

*By the Court.*— Judgment affirmed.