CORNISH vs. THE MILWAUKEE & LAKE WINNEBAGO RAILROAD COMPANY.

*April 12 — May 15, 1884.*

RAILROADS: COSTS. *Condemnation of land a special proceeding: Costs allowed though judgment not entered in sixty days.*

Ch. 202, Laws of 1882, providing that the failure of the successful party in any cause to perfect and enter judgment within sixty days after the filing of findings or the rendition of a verdict, shall be a waiver of his right to costs in the *action*, etc., does not apply to special proceedings, such as those for the condemnation of land for a railroad.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion.

For the appellant there was a brief by *Flanders & Bottum*, attorneys, and *Edwin H. Abbot*, of counsel, and oral argument by *Mr. Bottum*.

*Gabe Bouck*, for the respondent.

ORTON, J. This case was tried in the circuit court on appeal from the award of compensation and damages, by commissioners, for the taking and condemnation of the plaintiff's land for railroad purposes, and this appeal is from the judgment of the circuit court. The verdict of the jury was rendered on the 24th day of November, 1882, and the judgment was entered thereon by the court on the 8th day of March, 1883, for the amount of the verdict and costs in favor of the plaintiff.

The award of the commissioners was for the sum of $1,400, and the verdict was for the sum of $2,366.66, and the court found and determined that the plaintiff was the successful party in the circuit court, and that, therefore, he was entitled to have his costs added to the amount of the verdict, according to sec. 1849, R. S. The costs were duly taxed by the clerk on the 13th day of January, 1883, and afterwards were inserted in the judgment by the court. The award of the commissioners of $1,400 was paid into court by the company, according to the statute, and that sum was deducted by the court from the amount of the verdict, and the judgment was for the balance and costs. This appeal is from that part of the judgment for costs only.

Sec. 1, ch. 202, Laws of 1882, provides substantially that it shall be the duty of the successful party in the cause to enter and perfect the judgment upon the verdict within sixty days after its rendition, and, in case he shall neglect to do so, it shall be the duty of the clerk to prepare and enter the proper judgment, but without costs to either party, and the neglect or failure of the successful party to enter and perfect judgment within such time shall be deemed a waiver of his right to the accrued costs in the action. The only ground for reversal of this part of the judgment for costs is that the judgment herein was not entered and perfected within sixty days after the rendition of the verdict, as required by this section of the statute.

This statute clearly contemplates a case in which the clerk, without any specific direction of the court, would be authorized under the general statute to enter judgment upon a verdict. The general statute (sec. 2859, R. S.) provides that "when a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant when a counterclaim is established beyond the amount of the plaintiff's claim as established, the jury must assess the amount of the recovery." And sec. 2861, R. S., provides that "if a

different direction be not given by the court, the clerk must enter judgment in conformity with the verdict." This duty of the clerk is clearly limited by these sections to *actions* for recovery of money, and the above statute of 1882 speaks only of "accrued costs in the *action*," in which the clerk may enter the judgment.

It is very clear from these statutes, construed together, as they should be, that the law of 1882, above cited, has no application to the proceedings in this record. It is not an *action* for the recovery of money, most certainly, and it is not an action, in the general sense of the word, for any purpose. It is true, sec. 1846, R. S., provides that "the filing of such petition shall be the commencement of a *suit in said court;*" and then provides that the court may make an order, etc.; but this means only that the proceeding shall henceforth be within the jurisdiction and under the control of the court as a special proceeding, and the filing of the petition shall be its commencement *in court.* "A civil action in a court of record shall be commenced by the service of a summons." Sec. 2629, R. S. Sec. 2594, R. S., provides that "remedies in the courts of justice are divided into (1) actions, (2) special proceedings;" and the next section, "an action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense;" and the next section, "every other remedy is a *special* proceeding." The legal signification of the word "suit" comprehends the prosecution of any claim, demand, or request, and is much broader than the term "action," and may embrace it, but does not define it. Burrill's Law Dict., tit. "Suit." It follows, therefore, that making this proceeding a suit in court, the statute does not make it an *action*, in the meaning of the above sections, or a case in which the clerk may enter judgment upon a verdict without the special di-

JANUARY TERM, 1884. 479

Cornish vs. The Milwaukee & Lake Winnebago R. R. Co.

rection of the court. Under the caption " Acquiring Land by Right of Eminent Domain," and in sec. 1855, R. S., this suit is called "special proceedings authorized by this chapter."

The verdict in such a case is only the assessment by the jury, under the instructions of the court, of the compensation for the taking of the plaintiff's land, and damages to other lands of the plaintiff by reason thereof. All the questions and issues are with the court. (1) The record must show who are interested in such land, and who are entitled to such compensation and damages; (2) and what is the particular land, and the description thereof, and its dimensions, for which such compensation and damages are awarded; and there are other questions of grave importance to be determined by the judgment, of which the clerk has not and cannot have cognizance from the nature of the case. It is for the court, on the rendition of this special verdict, to frame and enter and perfect the proper judgment, and, before this is done, the question as to which is the " successful party " on the appeal must be determined, so that the costs may be taxed in his favor and inserted therein, as was done in this case. The time within which the court must do this is not and ought not to be limited, for it is within a sound judicial discretion with the court how much time may be required, in view of the other business of the court. The costs were taxed within sixty days after the rendition of the verdict, and within a reasonable time thereafter we are bound to presume the court prepared, signed, and entered the proper judgment.

It is so absolutely certain that the statute of 1882, upon which the learned counsel of the appellant relies, does not appertain to such a case, that it is needless to consider other questions discussed in the briefs of the learned counsel.

*By the Court.*— That part of the judgment appealed from is affirmed.