McDonough vs. The Milwaukee & Northern R. Co.

McDonough, Respondent, vs. The Milwaukee & Northern Railroad Company, Appellant.

*September 6 — September 20, 1887.*

Costs: *Waiver of, by delay in taxation.*

The granting of a nonsuit, after hearing the testimony for both parties, is a complete determination of the action so far as the court is concerned, and brings it within the spirit if not the letter of ch. 202, laws of 1882; and if the defendant fails to have his costs taxed within the time thereby required he waives them.

APPEAL from the Circuit Court for *Brown* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

October 5, 1886, a judgment was entered in said action in the following words and figures, to wit: "The above entitled action having come on for trial before a 'jury on the 23d day of April, A. D. 1884, and a jury having been impaneled, and the same having been duly tried, H. J. Huntington, Esq., appearing on behalf of said plaintiff, and George H. Noyes, Esq., on behalf of said defendant, *and the jury having by direction of the court rendered their verdict herein for the defendant,* and the said defendant having neglected to enter and perfect judgment *upon such verdict within sixty days after the rendition of said verdict,* and the application of said defendant, made on the 12th day of February, 1885, to tax the defendant's costs as per bill filed, and insert the amount thereof in the judgment *on the verdict* for said defendant, having been duly considered by the clerk of said court, and such application to tax and insert said costs in said judgment having been denied, now, therefore, it is ordered and adjudged that said plaintiff take nothing in this action, and that his said complaint be and the same is hereby dismissed, and that defendant recover no

costs herein. *Dated, October* 5, 1886. By the Court, EDM. P. BOLAND, Clerk."

Thereupon, and on November 8, 1886, the trial court made an order, in effect reciting, among other things, that, on motion of the plaintiff to correct said judgment, and it appearing to the court that said judgment was erroneous, from the records of the court and the judge's minutes, and the affidavits presented, and upon all the papers, documents, and records filed or served in the action, and after hearing the respective counsel, wherein it was in effect ordered that said recitals in *italics* contained in said judgment be, and were thereby, stricken out, " and that all records in said action, purporting in any way that a verdict was rendered in said action, be corrected to conform to the fact that the plaintiff was simply nonsuited in said action, and no verdict was rendered; " and it was therein further ordered that the plaintiff recovered $10 costs of this motion.

November 13, 1886, upon due notice, the defendant applied to the clerk for the taxation of costs in said action; which was denied by said clerk. Thereupon, and on motion of the defendant to review the action of the clerk in so refusing to tax said costs, and on November 24, 1886, it was ordered by the court, that said motion be, and the same was thereby, denied, with $10 costs of motion, to be paid by the defendant. Thereupon, and on November 24, 1886, a corrected judgment was entered therein, reciting, in effect, among other things, that said action was tried upon its merits; that at the close of the plaintiff's evidence the defendant moved for a nonsuit, which was denied; that said motion was renewed at the close of the defendant's evidence, and granted, and the plaintiff nonsuited by the court,— no verdict of the jury having been rendered, and a judgment of nonsuit having been ordered,— wherefore it was " adjudged that the plaintiff be nonsuited and take

nothing on this trial; and that the defendant recover no costs."

The defendant appeals from the order of November 8, 1886, and from the order of November 24, 1886, and from that part of the judgment denying costs to the defendant.

*G. H. Noyes*, for the appellant, took the ground that an order for a nonsuit was not, either in form or effect, "the filing of a finding, or the verdict of a jury," within ch. 202, Laws of 1882.

For the respondent there was a brief by *Huntington & Cady*, and oral argument by *Mr. Huntington.* They argued that the case was within the object of that act, which was to compel the speedy perfecting of judgments, so that the defeated party might not be delayed as to his appeal. *Hoye v. C. & N. W. R. Co.* 65 Wis. 243; *Blomberg v. Stewart*, 67 Wis. 455; *Binzel v. Grogan*, id. 147.

CASSODAY, J. In October, 1881, this court in effect held that where a defendant on a trial obtained a compulsory nonsuit, and, after being requested by the plaintiff, unreasonably neglected to enter judgment thereon, the defeated party could not enter judgment for him, nor compel him to enter judgment, except by an order of court upon due application. *Ballou v. C. & N. W. R. Co.* 53 Wis. 150. To remedy that evil, the legislature a few months afterwards in effect enacted that "whenever the *finding* of a court shall be *filed*, or the *verdict* of a jury shall be *rendered* in any cause, it shall be the duty of the successful party in the cause to enter and perfect the judgment upon such finding or verdict within sixty days after" such filing or rendition; and in case of failure, he.is deemed to have waived his costs, and thereupon it is made the duty of the clerk to prepare and enter the proper judgment without costs to either party. Ch. 202, Laws of 1882. The decisions under

McDonough vs. The Milwaukee & Northern R. Co.

that chapter are to the effect that it is not applicable to the mere rendition of a special verdict, upon which the clerk is not authorized to enter judgment, without special directions of the court to be subsequently given. *Cornish v. M. & L. W. R. Co.* 60 Wis. 479; *Blomberg v. Stewart,* 67 Wis. 457, 458. On the other hand, it has been held that upon the confirmation by the court of the findings of a referee, such findings become, in effect, the findings of the court. *Crocker v. Currier,* 65 Wis. 668. Here the cause "was tried upon its merits," and at the close of the defendant's testimony a nonsuit was granted, and a judgment of nonsuit was thereupon ordered by the court. This was, in effect, a finding by the court that the evidence, upon the most favorable view for the plaintiff, failed to prove any cause of action alleged in the complaint. True, it was not what is usually regarded as "the finding of a court" to "be filed," much less the verdict of a jury; but it was a complete determination of that action so far as the court was concerned, and left nothing to be done, except the taxation of costs and the entry of judgment by the clerk, as ordered by the court. It was substantially the condition of things which existed in the *Ballou Case,* and which was sought to be remedied by the enactment mentioned. While the case is not within the letter of that chapter, we think it is within its spirit, when liberally construed, as it should be, since it is purely remedial. Being within the statute, the defendant conclusively waived its costs by failing to have them taxed within the time required.

*By the Court.—* The portion of the judgment and the several orders appealed from are each and all affirmed.