ZAHL, Appellant, vs. BILLINGS, Respondent.

*June 4—June 18, 1903.*

*Replevin: Direction of verdict: Conveyance in fraud of creditors:*
*Evidence.*

1. In an action of replevin where the evidence showed that plaintiff had good title to the property as against all the world, except as against the creditors of plaintiff's vendor, in the absence of evidence that such vendor had any creditors, or that defendant had seized the property in question as an officer on any process against such vendor, a motion to direct a verdict in plaintiff's favor should have been granted.

2. In such case, if the defendant could show that the property was in fact the property of such vendor, and was transferred to plaintiff with intent to hinder, delay or defraud the vendor's creditors, he might impeach the sale; but, in order to be in a situation to challenge the *bona fides* of the transfer, the defendant must show the fact that he is a creditor, and had seized the property upon attachment or execution to satisfy his claim.

3. A transfer of property in fraud of creditors is good as between the parties, and as to all persons except the creditors defrauded.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action of replevin to recover twenty and one-half barrels of Minnesota patent flour. The answer was a general denial. The action was tried before a jury. The plaintiff's evidence showed that prior to September, 1898, a flour and feed store was operated in Antigo by one W. J. Zahl in the name of his father, C. F. Zahl; that in September, 1898, the stock in the store was sold by C. F. Zahl to the plaintiff, his daughter, for $400, the bill of sale being executed by W. J. Zahl, as attorney in fact for his father; that thereafter W. J. Zahl operated the business in the name of the plaintiff; and that in February, 1899, the defendant took the flour in question from the stock in the store. These facts were not disputed by the defendant, but he introduced evidence,

consisting mostly of statements said to have been made by W. J. Zahl, tending to show that he (W. J. Zahl) was in fact the owner of the stock, and operated the business in the name of his father and sister in order to keep it from the reach of his creditors. There was no evidence that W. J. Zahl had any creditors, or that the defendant had seized the property in question as an officer on any process against W. J. Zahl or any other person. A motion to direct a verdict for the plaintiff was denied, as also were motions for nonsuit and to direct a verdict for the defendant. The jury returned the following special verdict:

"1. At the time this action was commenced, was the plaintiff the owner of and entitled to the possession of the flour in question? *Answer.* No. 2. What was the value of the flour at that time? *A.* Four dollars. 3. What is the value of said flour at the present time? *A.* (by the court). Two dollars and twenty-five cents per barrel."

A motion for a new trial was overruled, and judgment rendered for the defendant, from which plaintiff appeals.

The cause was submitted for the appellant on the brief of *W. F. White,* attorney, and *Max Hoffman,* of counsel, and for the respondent on that of *Finucane & Conway.*

WINSLOW, J. It is manifest that the plaintiff's motion to direct a verdict in her favor should have been granted. The evidence showed that she had a good title against all the world except as against the creditors of W. J. Zahl. If they could show that the stock of goods was in fact the property of W. J. Zahl, and was transferred to the plaintiff with intent to hinder, delay, or defraud them, they might impeach the sale; but in order to do this they must not only show the fraudulent intent, but must also show the fact that they were creditors, and that the defendant had seized the property upon attachment or execution to satisfy their claims. No such facts were pleaded or shown, therefore the defendant

was in no situation to challenge the *bona fides* of the transfer of the stock to the plaintiff. A transfer of property in fraud of creditors is good as between the parties, and as to all persons except the creditors defrauded.

*By the Court.*—Judgment reversed, and action remanded for a new trial.