Dresser, Respondent, vs. Lemma, Appellant.

*May 12—September 27, 1904.*

*Replevin: Logs and lumber: Tax title: Possession: Liens: Title to land: Fraud: Constructive trust: Burden of proof: Appeal: Presumption that error is prejudicial: Recharging jury to correct erroneous instruction: Costs: Time limited for perfecting judgment.*

1. Where the grantee in a tax deed fair upon its face had timber cut from the land and sawed into lumber and, through his agent, had actual possession of the lumber, his title was sufficient to sustain replevin for such lumber against a mere trespasser who did not connect himself with any superior, adverse title; and evidence of the invalidity of the tax deed, or that a stranger to the action was in possession of the land, was immaterial.

2. The lumber, at the time of the taking by defendant, having been in the possession of plaintiff, defendant had no lien thereon for expenses of logging and sawing, even if their mutual agent had wrongfully used some of defendant's money therefor.

3. Land was purchased by one B. in the name of his wife, payment being made by B.'s note and by a draft on one S., with whom B. had deposited moneys belonging to defendant and also moneys claimed to belong to his wife. Defendant claimed that the purchase was made by B. as his agent. *Held,* that the deed *prima facie* conveyed the legal title to B.'s wife, and the burden was upon defendant to show either fraud on the part of B., imputable to his wife by reason of his agency, or a constructive trust resulting from the use of· defendant's money in making the purchase.

4. Where error is committed by the trial court it is presumed to be prejudicial and the contrary must be made to clearly appear; but where the action of the court was not in itself erroneous and became so, if at all, only because it misled the jury, this latter fact is against all presumption and must be clearly shown.

5. The fact of recharging the jury to change an erroneous instruction previously given is not ground for reversal unless prejudice therefrom be made clearly to appear.

6. Sec. 2894a, Stats. 1898 (providing that whenever a finding shall be filed or a verdict rendered, if the successful party fail to perfect the judgment and cause it to be entered thereon

within sixty days, the clerk of the court shall prepare and enter the proper judgment without costs),. does not fully apply where the verdict merely finds certain facts, from which the court may judicially decide upon more than one kind of judgment. Not until the court makes the necessary judicial decision in such a case do the sixty days begin to run within which the successful party may tax his costs.

APPEAL from a judgment of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Reversed in part.*

It appeared that in the season of 1900 the defendant entered into an arrangement with one S. W. Blanding, whereby the latter was to obtain a stock of oak lumber at Clam Falls by purchase. of timber and logs and having the same sawed, Blanding doing the work and the defendant furnishing the money; the latter to market the lumber, collect the proceeds, deduct costs, and divide the surplus equally between them; title to lumber to be in defendant. Blanding was engaged generally in lumbering, and did procure, cut, and have sawed a considerable amount of lumber for the defendant, received considerable amounts of money from him, and apparently subjected defendant also to considerable calls for money in payment of expenses, of which Blanding kept no account. During the same period Blanding was employed by plaintiff to cut all the timber from a certain forty to which the latter had a tax deed, and have the same sawed. This he did, bringing the lumber to the same sawmill at which defendant's was being sawed. During the same period and earlier Blanding had produced certain lumber, and delivered or sold the same to Hersey Bros., which he claimed to have done on behalf of his wife, who appears to have had some separate property, and the proceeds of this Hersey lumber were claimed to have been used by him in lumbering for the plaintiff and also for his wife. During the same period that he was engaged on defendant's lumber he purchased 120 acres of land in the name of his wife, Nettie V. Blanding. (Called the "Nettie V. Blanding land.") He paid therefor

by his own note, sixty days, and by a draft of $75, drawn on his groceryman, in whose hands he had deposited $250 of *Lemma's* money and $100 of money from the Hersey lumber. It was claimed by defendant that he had directed Blanding to purchase these lands for him. The lumber from this land was cut, taken to the same sawmill, sawed, and placed in the same yard, and was claimed to belong to Mrs. Blanding. No manual possession was exercised over this lumber, except as Blanding caused it to be piled and exercised control over it. At one time the defendant visited this yard with a customer, and, to some extent with Blanding's knowledge, made an estimate of the amounts, and marked his name on various piles, including some or all of that from the *Dresser* land and from the Nettie V. Blanding land. Some time after the lumber had been cut and sawed—about July, 1900—Mrs. Blanding executed a bill of sale of all the lumber from her land to the plaintiff, who then put an agent in charge of it, but did not move it. In October plaintiff attempted to move some of this lumber, and defendant sent an employee to exclude plaintiff therefrom, whereupon plaintiff brought this action in replevin to recover the lumber cut from his tax forty and from the Nettie V. Blanding land, and certain other lumber cut from certain logs which S. W. Blanding claimed to have purchased for his wife from Revord and Sousa. The lumber was delivered to the plaintiff upon the writ of replevin, and had been disposed of by him before the trial. The defense was merely a general denial.

Upon the trial the court directed the jury to find a special verdict as to the lumber from the *Dresser* tax forty, that plaintiff was the owner and entitled to possession, and that defendant unlawfully detained the same; that its value was $274.26, and damages for detention six cents. As to the lumber from the Nettie V. Blanding land, the jury found that the plaintiff was the owner and entitled to possession, and defendant unlawfully detained the same; value $995.73,

and damages for detention three cents. As to the lumber from the logs purchased from Revord and Sousa, they found that the defendant was the owner and entitled to possession; that plaintiff unlawfully took the same; value $243, and damages for detention three cents. . Upon this verdict the court a few days later rendered a judgment, signed by the judge, that plaintiff is entitled to the lumber from the *Dresser* and Nettie V. Blanding lands, and that he recover nine cents damages, together with his costs; also that the defendant recover of plaintiff the possession of 14,831 feet of oak lumber, together with three cents damages, and, in case the delivery cannot be had, that he recover of plaintiff or his sureties the sum of $243.52, the value, "together with the sum of —— dollars, costs and disbursements of this action;" also that after taxation of costs the clerk offset the costs and damages of the plaintiff against the costs and damages of the defendant, and enter in the docket judgment for the surplus only. Within sixty days after the judgment, but more than sixty days after the filing of the verdict, defendant, on notice, presented a bill of his costs for taxation, which were disallowed by the clerk on the ground that more than sixty days had elapsed, which action was affirmed on review by the circuit court. A motion for new trial was made after judgment, and denied. Plaintiff appeals from such order of denial, and also from the portion of the judgment awarding plaintiff any of the lumber and the portion denying defendant his costs.

For the appellant there was a brief by *Clarence C. Coe & Arthur E. Coe,* and oral argument by *Clarence C. Coe.*

*Frank B. Dorothy,* for the respondent.

DODGE, J. The first assignment of error is upon direction of verdict for plaintiff as to the lumber cut from the so-called *"Dresser* forty." We find the evidence undisputed that *Dresser* had a tax deed to this land fair on its face, and that he employed S. W. Blanding to enter thereon and cut this tim-

ber, haul it, and have it sawed for *Dresser,* which was done. Obviously thus *Dresser,* through his representative, acquired possession under claim of ownership. This is sufficient title to sustain replevin against a mere trespasser who invades that possession. Such a plaintiff has the right to re-establish the *status quo* independently of whether his title is complete and perfect against some one else with whom defendant in no wise connects himself. *James v. Van Duyn,* 45 Wis. 512; *Wambold v. Vick,* 50 Wis. 456, 7 N. W. 438; *Kellogg v. Adams,* 51 Wis. 138, 146, 8 N. W. 115; *Zahl v. Billings,* 118 Wis. 459, 95 N. W. 374; *Anderson v. Gouldberg,* 51 Minn. 294, 53 N. W. 636; *Johnson v. Elwood,* 53 N. Y. 431. The rule laid down in *Timp v. Dockham,* 32 Wis. 146, and *Delaney v. Canning,* 52 Wis. 266, 8 N. W. 897, that defendant may disprove plaintiff's title in any way under a general denial, even by showing title in a stranger, has application only when plaintiff had not prior actual possession, but merely that constructive possession which is ascribed to a legal right thereto, and when, therefore, his only right to recover depends on the quality of his title. It has no application to a case of wrongful taking from the actual possession of plaintiff, for then his right to re-establish that possession depends merely on the fact of his prior possession, unless defendant connects himself with some superior title. *Stern v. Riches,* 111 Wis. 589, 87 N. W. 554. The undisputed evidence above mentioned therefore establishes *prima facie* plaintiff's right to recover the lumber from this land which was taken from his possession by defendant, and no error was committed in directing a verdict therefor unless some jury issue was raised upon some defensive matter.

For the reasons above stated no error was committed in rejecting offered proof of the invalidity of plaintiff's tax deed. That circumstance was immaterial, unless defendant could connect himself with the rights under the adverse title, which he made no offer to do. Equally immaterial was the fact that

a stranger to this action, and not plaintiff, was in possession of the land. The latter was in possession of the logs therefrom and the lumber replevied before defendant invaded that possession.

On the question of identification there is much confusion by reason of references to different places of piling and the like, which is well-nigh inextricable from the printed record. In this situation we must defer to the superior advantages which the trial judge enjoyed in understanding and applying the testimony, and conclude that the lumber seized on the writ in this action was only that coming from the three sources mentioned in the statement of facts; hence that, after deducting what came from the N. V. Blanding land and the Revord and Sousa logs, the remainder was the product of the *Dresser* forty. The property having been all delivered to plaintiff and disposed of, so that only values were material, identification of specific boards or piles was not essential.

The further ground of objection to this direction of verdict that defendant was entitled to a possessory lien for expenses of logging and sawing, cannot be entertained, for the reason that there is absolute absence of evidence to establish any lien. The claim is based upon *Keystone L. Co. v. Kolman,* 94 Wis. 465, 69 N. W. 165; *S. C.* 103 Wis. 300, 79 N. W. 224—where one cutting plaintiff's trees and reducing them to lumber was held entitled to be reimbursed his expenses to the extent he had enhanced the value of the property, if plaintiff elected to adopt defendant's acts and claim the lumber; but in that case the lumber had at all times been in defendant's possession, and the decision was but the application of the common-law rule that he who rightfully improves another's property has a lien to that extent upon it. To such lien, however, possession is essential. 1 Jones, Liens, § 20 *et seq.* As already stated, defendant never had any possession until he forcibly took the lumber by excluding plaintiff. The evidence is undisputed that Blanding cut the logs

and delivered them to the sawmill owner as the employee of plaintiff. Defendant's only relation thereto is the possibility that Blanding may have wrongfully used some of defendant's money, but that did not change the fact that the possession was in plaintiff. . Hence at the time defendant forcibly took possession he had no possessory lien, whatever equitable rights he might have as result of misconduct of the mutual agent. Having no lien, his seizure of the lumber was wrongful, and could not serve to arouse one. 1 Jones, Liens, § 745.

2. The next error assigned is upon an instruction that, as to the lumber obtained from the Nettie V. Blanding lands, the burden of proof was on the defendant to prove that his money, and not hers, purchased that land. The question of right of recovery of these logs rested upon the title to the lands, both Mrs. Blanding and the defendant claiming to have purchased them from the same owner; the only deed being made to Mrs. Blanding, and the payment therefor, so far as defendant was in any way connected therewith, being by S. W. Blanding's draft for $75 upon one Sund, with whom he was in the habit of depositing money as a sort of banker, and with whom he had deposited, shortly prior to this draft, $250 of *Lemma's* money and $100 of money the proceeds of certain lumber in which *Lemma* had no interest, and which was claimed to belong to Mrs. Blanding. We can discover no fallacy in the reasoning of the trial court to the effect that this deed *prima facie* conveyed legal title to Mrs. Blanding. If *Lemma* had any right in the land, it was due either to fraud on the part of S. W. Blanding, imputable to her by reason of his agency, or to a constructive trust resulting from the use of defendant's money in purchasing the land. Surely, the burden of proof was upon the defendant either to establish fraud or to qualify the legal effect of the deed so as to impose a trust upon the grantee. S. W. Blanding had a perfect right to buy land for his wife with her money or with his, except, perhaps, for rights of his credit-

ors; and such title could not be assailed by the defendant except upon one or the other of the grounds above stated. In this instruction, then, we must conclude there was no error.

A further complaint is that the instruction was rendered unduly emphatic, so as to impress the jury unfairly in favor of plaintiff's claim, by reason of the fact that, having first charged that the burden of proof was upon the plaintiff, the court recalled the jury and withdrew that instruction, and gave the contrary one, now complained of. If error is committed, doubtless the presumption of prejudice results and its absence must be made to clearly appear; but where the action of the trial court is not erroneous *per se,* and can become so only because the jury are misled, the latter fact is against all presumption, and must be made to clearly appear. In recalling the jury to correct a mistake favorable to the appellant and to give them the true rule of law, the court of course committed no error. Either he must do that, or he must declare the whole proceeding a mistrial. We know of no case where it has been held that the mere fact of recharging the jury to change an erroneous instruction previously given has been held ground of reversal. The trial court, upon motion for new trial, has had an opportunity to pass upon the question whether, in the procedure adopted, prejudice has so probably been suffered by appellant as to make the granting of a new trial proper, and has resolved that question against the appellant. In so doing he was within the field of discretion, and we cannot feel justified in saying that injury to appellant so clearly appears that we must convict the court of abuse of his discretion.

3.. The remaining error assigned is in refusing to tax costs in favor of defendant because his application for such taxation did not occur until more than sixty days after the rendition of the verdict. This conclusion of the court was reached by application of sec. 2894a, Stats. 1898, which provides that,

whenever a finding shall be filed or a verdict rendered, the successful party shall perfect the judgment and cause it to be entered thereon within sixty days after such filing or rendition, and if he fail or neglect so to do the clerk of the court shall prepare and enter the proper judgment, but without costs to either party. This statute obviously can have complete application according to its terms only when the judgment follows the verdict or findings as a mere clerical act, so that the clerk can enter it without further judicial action. It is only when the clerk "can prepare and enter the proper judgment" that the statute requires that act to be done to the exclusion of costs to the prevailing party. This view of the statute has been fully adopted. *Cornish v. M. & L. W. R. Co.* 60 Wis. 476, 19 N. W. 443; *Blomberg v. Stewart,* 67 Wis. 455, 30 N. W. 617; *McDonough v. M. & N. R. Co.* 69 Wis. 358, 34 N. W. 120; *Milwaukee M. & B. Asso. v. Niczerowski,* 95 Wis. 129, 139, 70 N. W. 166. The verdict in the present case presented no such situation. It was a mere finding of certain facts, from which the court might judicially decide on more than one kind of judgment. On the verdict alone, possibly, might or might not be ordered an alternative judgment for recovery of property or for value, or merely recovery of property, in plaintiff's favor, and either for return or value to defendant or merely for value. These questions had to be considered by the trial court, and not until they had been resolved and direction given was there any complete finding in response to which either the defendant or the clerk could prepare and enter the *proper* judgment. We deem it clear, therefore, that defendant was entitled to sixty days after the court had decided these questions in which to tax his costs.

*By the Court.*—That part of the judgment denying costs to defendant is reversed, and cause remanded with directions to tax defendant's costs, and to modify the judgment

by inserting the amount of such costs, and changing accordingly the amounts resulting upon setoff of the respective money recoveries. Otherwise judgment is affirmed. Appellant to have costs of appeal, but to be allowed for only ten pages of printing.