Voss, Appellant, vs. Voss and wife, Respondents.

*November 28—December 13, 1907.*

*Parent and child: Services rendered parent by child: Right to recover: Presumptions: Contracts.*

1. The rule that, when a child remains at home after his majority and renders ordinary services to his father, no contract to pay therefor will be implied, but an express contract must be proven by direct and positive evidence or by circumstantial evidence equivalent thereto, is subject to the exception that where the services are rendered in reliance upon an express oral contract to deed or devise real estate, although the promise is not enforceable because not in writing, still a contract

to pay the reasonable value of the services may be implied and recovery had, provided the express promise be satisfactorily proven.

2. In such case the effect of the void contract is to remove the otherwise conclusive presumption that the services were rendered gratuitously.

3. In an action by a son to recover for services performed after the son's majority in working on the father's farm under an express promise, testified to by the son but denied by the father, to deed the son the home farm, the mere fact that the duration of the services was indefinite would not prevent a recovery.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed in part; affirmed in part.*

*O. G. Erickson,* for the appellant.

*T. W. Hogan,* for the respondents.

WINSLOW, J. This is an action by a son to recover of his father and stepmother the reasonable value of his services for nearly four years after attaining his majority in working for his father upon the home farm. The plaintiff claimed and offered evidence tending to prove that when he came of age his father orally agreed that if he would stay at home and work on the farm in summer and work in the woods for his father in the winter he (the father) would give him the home farm, and that he did so work in reliance on the agreement for nearly four years, when difficulties arose between him and his stepmother and he left. At the conclusion of the plaintiff's case the plaintiff moved to dismiss the action as to *Augusta Voss,* the stepmother, which motion was granted. The defendant admitted the rendition of the services by the plaintiff, but denied the making of the agreement to give his son the farm. At the close of the evidence a verdict for the defendants was directed, and judgment rendered that the plaintiff take nothing by his action and for costs in favor of the defendants.

Presumably the verdict was directed upon the well-estab-lished general principle that, when a son remains at home after his majority and renders ordinary services to his father, no contract to pay therefor will be implied, but an express con-tract must be proven by direct and positive evidence or by circumstantial evidence equivalent thereto. This principle, however, is subject to the exception that where the services are rendered in reliance upon an express oral promise to deed or devise real estate, although the promise be not en-forceable because not in writing, still a contract to pay the reasonable value of the services may be implied and recovered upon, provided the express promise be satisfactorily proven. This subject was fully treated by this court in the recent case of *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229, and any extended discussion of the subject here seems unnecessary in view of this fact.

The only effect of the void contract is to remove the other-wise conclusive presumption that the services were rendered gratuitously. In the present case there was positive evidence that such an express promise was made and that the services were rendered in reliance upon it. It is true that the alleged promise did not fix the length of time for which the services were to continue, but, inasmuch as the sole function of the promise is to remove the presumption that the services were expected to be gratuitous and thus place the parties upon the same footing as if they were strangers, no reason is perceived why an express promise which is indefinite as to the duration of the services should not have the same effect as one which fixes a definite time. Logically both promises equally rebut the idea that it was expected that the services were to be gra-tuitous. Inasmuch as the plaintiff dismissed the action as to *Augusta Voss* the judgment was right so far as she is con-cerned, but as to the defendant *Charles Voss* there must be a new trial.

*By the Court.*—That part of the judgment adjudging that

the plaintiff recover nothing of the defendant *Charles Voss,* and that said *Charles Voss* recover his costs, is reversed, with costs, and a new trial ordered, and the remainder of the judgment in favor of the defendant *Augusta Voss* affirmed, without costs in this court.