ROHRER, Appellant, vs. LOCKERY and others, Respondents.

*October 2—October 20, 1908.*

*Vendor and purchaser of land: Severed timber, when treated as personalty: Oral contract: Statute of frauds: Evidence: Replevin: Who may maintain.*

1. When, by consent of the vendor and vendee in a land contract, who together own the whole title, the timber on the land is severed therefrom, it may be dealt with as personal property.
2. So *held* in a case where the timber was cut by the vendee and the logs delivered at the mill of a third person under an oral agreement that the vendor should have them sawed into lumber and sell it and apply the net proceeds upon the purchase price of the land.

3. Even if such oral agreement was invalid, under the statute of frauds, as an executory contract, it might be considered as indicating the meaning and purpose of the delivery of the logs at the mill.

4. Delivery of the logs at the mill for the purpose mentioned would vest in the vendor of the land possession and a special property sufficient to enable him to maintain replevin against a stranger taking the logs.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Plaintiff having given a land contract for certain real estate for something over $2,000, of which about $200 was paid, which contract had by assignment become the property of Levi Bergstrasser, who had, however, taken no manual possession of the real estate, an arrangement was made between plaintiff and Levi Bergstrasser for the latter to procure certain pine timber on the premises to be cut and delivered to the plaintiff at a designated point and that the plaintiff should pay the expenses of cutting, hauling, and of sawing, and should dispose of the lumber and apply the net proceeds thereof upon the purchase price of the land. In pursuance of this arrangement George Bergstrasser, father of Levi, cut and hauled the logs to the designated place, at the sawmill of a third party, and there left them. A few days afterward, and after some had been sawn, they were levied upon under an execution against George Bergstrasser, and, without plaintiff's knowledge, were sold by the sheriff, *Lockery,* to the defendants *Hoffman* and *Rockdaschel,* or one of them. Plaintiff, learning of this fact, made demand for redelivery of the logs and lumber into which they had been sawed, which was refused by the defendants *Hoffman* and *Rockdaschel.* Whereupon this action in replevin was brought therefor.

The defendants set up, as their only claim, the sale on execution against George Bergstrasser. Upon the trial, after proof tending to establish the facts above stated, the court, on motion of the defendants to dismiss the action, held that the plaintiff sought to recover on the strength of an oral agree-

ment made after the land contract, which was void under the statute of frauds, because the growing trees were real estate. He thereupon entered judgment reciting a directed verdict of the jury in favor of the defendants, but merely adjudging that the defendants recover costs from the plaintiff, from which judgment the plaintiff appeals.

For the appellant there was a brief by *Olen & Olen,* and oral argument by *O. L. Olen.*

For the respondents there was a brief by *Giles H. Putnam,* attorney, and *Brown, Pradt, Genrich & Anderson,* of counsel, and oral argument by *Mr. Putnam.*

DODGE, J.   We need not consider the extent of the right of the vendor in a land contract who holds the legal title, though only in trust for the security of unpaid purchase money and for the equitable title of the vendee, to vindicate those rights against a mere stranger who wrongfully invades them, as by appropriating timber from the land.  *Bartz v. Paff,* 95 Wis. 95, 69 N. W. 297; *Foster v. Lowe,* 131 Wis. 54, 60, 110 N. W. 829.  It is very clear that when, by consent of the vendor and vendee, who together own the whole title, the timber on such land becomes severed therefrom, it may be dealt with as personal property.  Hence, whether the so-called agreement for the cutting was valid or not, when the severance took place the logs became personal property.  It was then entirely competent for Levi Bergstrasser, however absolute his title either to the logs or the land from which they were cut, to deliver them to plaintiff on any terms he saw fit.  Evidence tends to prove that he did deliver them by his agent and employee, George Bergstrasser.  The purpose of such effective delivery may be ascertained from the previous conduct of the parties, whether or not that conduct would have constituted a valid executory contract.  *Taylor v. Young,* 61 Wis. 314, 21 N. W. 408; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229; *Voss v. Voss,* 134 Wis. 52, 113 N. W. 1097; *King v. Graef, post,* p. 548, 117 N. W. 1058.

The previous conversations of the parties may be considered as indicating the meaning and purpose of the act of delivery of the logs in question at the sawmill. · That being so, there was evidence tending to show that the delivery was intended to place them in plaintiff's control for the purpose of having them sawed, selling them, and out of the money reimbursing the expense of cutting, hauling, and sawing, and applying the balance to the debt of Levi Bergstrasser to the plaintiff. If the jury so found, the delivery would vest in plaintiff possession and a special property sufficient to enable him to maintain replevin against a stranger. *Frisbee v. Langworthy,* 11 Wis. 375; *Riess v. Delles,* 45 Wis. 662; *Dresser v. Lemma,* 122 Wis. 387, 391, 100 N. W. 844. We are satisfied that there was evidence from which the jury might have so found, and that the trial court erred in ordering and entering judgment against plaintiff.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.