HINZE, Appellant, vs. KURZ, Respondent.

*February 10—March 8, 1921.*

*Exchange of property: Temporary exchange or trade: Burden of proof: Instructions: Prejudicial error: Contracts: Meeting of minds.*

1. Where plaintiff contended that he had exchanged a large bull for defendant's small bull for a season only, but possession and all indicia of ownership of the animals had changed, the burden of proving that the exchange was for a limited time rests on the plaintiff.

2. Where plaintiff claimed that the exchange was for only a season, while defendant asserted it was permanent, an instruction that unless the minds of the parties met in agreement on an exchange for the season judgment should go for defendant was correct, the contract being executed and plaintiff having the burden of proof.

3. An instruction that if plaintiff honestly believed he was making the exchange for a season only and defendant honestly believed the same the verdict should be for plaintiff, was not proper, as a party is bound not by what he honestly believes but by what he understands and agrees to; but on the whole record it is *held* that the error was not prejudicial within sec. 3072*m,* Stats.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Replevin. On February 19, 1919, the plaintiff was the owner of a large Holstein bull and the defendant was the owner of a small Holstein bull. In that month the plaintiff and defendant entered into an agreement for an exchange of the two bulls. It is the plaintiff's contention that the exchange was for the season only. It is the defendant's contention that it was a trade and that he became the owner of the large bull. The following December the plaintiff demanded a return of the large bull and offered to return the small bull. The defendant refused to make the exchange. The plaintiff began this action to recover possession of the large bull, claiming title thereto. The action was begun in justice's court. There was judgment for the plaintiff. The defendant appealed to the circuit court, the issues raised

by the pleadings were submitted to the jury, the jury found
that the defendant was the owner of the large bull, fixed the
value of the large bull at $135, and damages for taking and
detention at six cents. The defendant had judgment accord-
ingly, from which the plaintiff appeals.

The cause was submitted for the appellant on the brief of
*Eberlein & Larson* of Shawano, and for the respondent on
that of *P. J. Winter* of Shawano.

Rosenberry, J. Plaintiff assigns three errors:

First. That the court erroneously instructed the jury as
to the burden of proof.

Second. That the court erroneously charged the jury with
reference to the meeting of the minds of the parties.

Third. That the court erred in refusing instructions re-
quested by the plaintiff.

The court instructed the jury that the burden was upon
the plaintiff to establish by a preponderance of the evidence
the transaction as claimed by him. The contention of plaint-
iff is that, because the plaintiff was admittedly the owner of
the large bull prior to the time of the exchange, the burden
was upon the defendant to show his title, and that therefore
the burden was upon the defendant to establish the trans-
action as he claimed it. It is argued that *Dresser v. Lemma,*
122 Wis. 387, 100 N. W. 844, sustains this proposition. In
the *Dresser Case* land had been purchased and the title
thereto taken in the name of Mrs. Blanding, and the trial
court held that, the deed having conveyed title to Mrs.
Blanding, the burden was upon Lemma to show that
either by reason of fraud the title was wrongfully con-
veyed to Mrs. Blanding or that a constructive trust resulted
by reason of the use of Lemma's money in purchasing the
land. The *Dresser Case* is authority against and not in
favor of plaintiff's position. By the act of the parties the
defendant was invested with all the indicia of ownership
of the large bull. He had undisturbed possession of the
large bull over a long period of time. In order to deprive

the defendant of his *prima facie* right to the possession of the bull it was necessary for the plaintiff to show title in himself. This, under the circumstances, he attempted to do by showing that the exchange was not, as it appeared to be, a permanent exchange, but a temporary exchange. The defendant in this case was in a position analogous to that occupied by Mrs. Blanding in the *Dresser Case* and not to the position of Lemma. We think the instruction correctly placed the burden of proof upon the plaintiff.

The second and third assignments of error involved the correctness of the instructions given by the court and whether or not requested instructions were erroneously refused. The court, in effect, instructed the jury that if they did not find that the minds of the parties met upon an agreement for an exchange for the season only, as claimed by the plaintiff, then they should find for the defendant. The plaintiff contends that there was room for a finding that the minds of the parties never met and that the instruction excludes consideration of that situation by the jury. As applied to the facts in this case, we think that contention is not sound. The transaction here was executed, not executory. Something had happened. Either the bull was in possession of the defendant under his claim that the exchange was a trade or it was in his possession under the agreement as claimed by the plaintiff that it was an exchange for the season only. No other alternative was presented. The burden being upon the plaintiff to establish his case, if he failed in so doing he could not recover, and the court correctly instructed the jury to that effect. For the same reason the questions proposed by the plaintiff relating to whether or not the minds of the parties met were correctly refused. The issue was plain and simple and properly submitted by the general verdict. In instructing the jury the court used the following language:

"That is, did the plaintiff at the time in question honestly believe that he was making an exchange of said bull in

question for the season only, and did the defendant at the time and place in question honestly believe that he was making an exchange of said bull in question for the season only? If both the plaintiff and defendant honestly believed at the time and place in question that the exchange of the bull was for the season only, and plaintiff and defendant, in fact, mutually agreed to such exchange, as claimed by the plaintiff, then the minds of the parties met."

The instruction was not happily phrased. The use of the words "honestly believed" was unfortunate. It is not what a party to a contract honestly believes, but what he understands and agrees to, that binds him. The instruction cast upon the parties a greater burden than the law required them to bear. No question of fraud or overreaching was involved. If the plaintiff or the defendant understood the facts to be as stated in the instruction, he must have honestly believed them. A subsequent instruction advised the jury that if they found that the agreement entered into between the parties was that claimed by the plaintiff, it would be their duty to find for the plaintiff. Upon the whole record it does not affirmatively appear that the error was prejudicial. Sec. 3072m, Stats.

*By the Court.*—Judgment affirmed.