### Bradford Russell *vs.* Samuel Hoar, Administratoi.

By the Rev. Sts. *c.* 64, § 14, when a sole executor or administrator dies before he has fully administered the estate, the next of kin of the deceased have no right to claim administration *de bonis non*, but the judge of probate may grant such administration to any suitable person.

A testator, in 1807, devised to his wife the improvement of his real estate, and the income of one third of his personal property, during her widowhood, and no longer ; and gave her, in case of her marrying again, one sixth of his personal property absolutely. He bequeathed two thirds of his personal property to his children, and made no further disposition of his real or personal estate : *Held,* that under *St.* 105, *c.* 90, the reversion in the real estate descended, immediately upon the testator's death, to his surviving children, and that one third of the personal property vested in them, at the same time, subject to the bequest to the widow.

This was an appeal from a decree of the judge of probate, denying the prayer of the appellant's petition to be appoin'ed administrator *de bonis non*, with the will annexed, upon the estate of Jonathan Heywood, late of Concord.

The case was submitted to the court upon the following statement of facts : The said Jonathan Heywood made his last will on the 4th of May 1807. The disposition thereby made of his property was thus : " 1. I give to my wife Mary all my household furniture. 2. I give and devise to my said wife the improvement of all my real estate in Concord and Lincoln, so long as she remains my widow, and no longer. I further will and order my executor to pay annually to my mother, Zeruiah Heywood

the interest of $ 1000, during her life ; the same to be paid her by my executor at such periods as he may think proper.   And I further will that my wife have the income of one third part of all my personal estate (after my just debts, funeral charges, and the lega:y, by this will given to my mother, are paid) for and during the time she shall remain my widow, and no longer ; and should she intermarry with any other man, it is my will that she have one sixth part of my personal estate, as aforesaid, absolutely.   And it is further my will, that the other two thirds of my personal estate, as aforesaid, be equally divided between my two daughters, Mary and Martha, and that my said daughters come into possession thereof at the age of twenty-one years, or sooner, if they marry before they arrive at that age."

The testator appointed Abiel Heywood to be his executor, whom he also desired to be guardian of his children, and to educate them suitably to their condition in life.

In September 1807, the said testator died, leaving personal property to several thousands of dollars, after the payment of his debts, the expenses attending his decease, and the specific legacy given to his wife, and the legacy to his mother.   His wife, mother, and his two daughters, beforenamed, who were his only children, survived him.   He left no father nor brother.   His only sister, Sarah Russell, wife of Abner Russell and mother of the appellant, survived him.   Said will was duly proved and allowed by the probate court, on the 7th of October 1807, and the said Mary, the testator's widow, then in writing accepted the provision therein made for her ; and the said Abiel, the executor therein named, accepted the trust, gave bond, and returned an inventory, but never settled an account of his administration.

The testator's daughter Martha died in December 1807, and his daughter Mary in November 1812, both under twenty-one years of age, and neither having been married.   His mother died on the 18th of May 1812.   His widow, Mary Heywood, died on the 7th of March 1841, intestate, and Mr. Hoar, the appellee, has been appointed administrator of her estate.   Said Abiel Heywood, the executor, died intestate in the year 1839, and Lucy Heywood, his widow, has been appointed administra-

trix of his estate.   Said Abner Russell, father of the appellant, died on the 25th of January 1830, and said Sarah Russell, his widow, died on the 3d of July 1839, intestate, and no adminis- trator of her estate has been appointed.   The appellant is their oldest child, and their children are the next of kin and heirs at law of said Jonathan Heywood, living at the decease of said Mary Heywood, his widow.

It was agreed by the parties, that the abovementioned decree of the judge of probate should be reversed, if, in the opinion of the court, the appellant has any interest in the estate of said Jonathan Heywood, or is entitled to administration *de bonis non*, with the will annexed, on his estate :   Otherwise, that the de· cree should be affirmed.

*Farley & Mellen*, for the appellant, argued that one third of the testator's personal property, which was given to his widow for life, descended to the children of Mrs. Russell, his sister, on the widow's decease.   Until her decease, the interest in that third part was contingent.   One third also of the legacy given to the testator's mother belongs to Mrs. Russell's children ; the other two thirds having gone to the daughter that survived her grandmother. *Dingley* v. *Dingley*, 5 Mass. 535. *Allen* v. *Den ny*, 1 Pick. 147. *Emerson* v. *Cutler*, 14 Pick. 115, 116. *Poo.* v. *Ward*, 21 Pick. 398. *Ferson* v. *Dodge*, 23 Pick. 287. *Down* v. *Worrall*, 1 Mylne & Keen, 561. *Nash* v. *Cutler*, 16 Pick. 491. *Sheffield* v. *Lovering*, 12 Mass. 490.   To the one sixth, at least, which was given to the wife on a contingency, the heirs of the sister would seem to have a good claim.

*Hoar, pro se.*   The estate of Jonathan Heywood has been settled, and nothing remains subject to administration by the ap- pellant.   The personal property, which was not bequeathed, de- scended to those who were heirs of the testator when he died. This is not a case of remainder or reversion, like those to which the decisions cited on the other side apply.   The *income* only of one third was given to the widow, and one sixth absolutely, if she should marry again.   As to two thirds of the person· alty, the case of *Shattuck* v. *Stedman*, 2 Pick. 468, is conclu· sive.   As to the law applicable to the other third, see *Ellis* v

*Proprietors of Essex M. Bridge,* 2 Pick. 247. *Tissen* v. *Tissen,* 1 P. W. 502. *Sansbury* v. *Read,* 12 Ves. 75. *Richardson* v. *Sinkler,* 2 Desaus. 127. *Swett* v. *City of Boston,* 18 Pick. 123.

Where the contingency, on which property is given by will, never happens, those who are heirs at the testator's death hold the property as if it were intestate. *Bates* v. *Webb,* 8 Mass. 458. *Fortescue* v. *Abbot,* Pollexf. 479. *Hopkins* v. *Hopkins,* 1 Atk. 581. *Hayward* v. *Stillingfleet,* 1 Atk. 422. *Gore* v. *Gore,* 2 P. W. 28. *Carter* v. *Barnardiston,* 1 P. W. 516. *Wimple* v. *Fonda,* 2 Johns. 288. *Sprigg* v. *Sprigg,* 2 Vern. 394. *Grascot* v. *Warren,* 12 Mod. 128. *Claflin* v. *Perry,* 12 Mass. 425. Fearne, (7th ed.) 508 – 510. *Webber* v. *Webber,* 1 Sim. & Stu. 311.

The statute of distributions decides this case, whatever the common law doctrine may be. *Whitney* v. *Whitney,* 14 Mass. 88. *Cook* v. *Hammond,* 4 Mason, 467. *Ames* v. *Gay,* 4 Mason, 492, *note.* These last three decisions respected real estate; but our statutes have always provided that personal property, not bequeathed, shall be distributed among the same persons to whom the real estate would descend. *Sts.* 6 Geo. I. *c.* 3 : 1783, *c.* 24, § 10 : 1805, *c.* 90, § 2 : Rev. Sts. *c.* 64, § 1.

WILDE, J. This is an appeal from a decree of the judge of probate, and the question is, whether the appellant is by law entitled to administration *de bonis non,* with the will annexed, upon the estate of Jonathan Heywood deceased.

The question depends on the Rev. Sts. *c.* 64, § 14, which authorize the judge of probate, when any sole executor or administrator shall die without having fully administered the estate, to grant letters of administration, with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the goods and estate of the deceased, not already administered.

This provision, clearly and in express terms, gives to the judge of probate discretionary authority to grant letters of administration *de bonis non,* to any suitable person ; and consequently, neither the next of kin, nor any other persons, have a

*right to claim* the grant of such administration as is provided in respect to an original grant of administration in a previous section of the statute. The statute will admit of no other construction, and it is decisive against the claim of the appellant.

Another question, however, has been argued by counsel, which, as it may become important in the distribution of the estate, we have considered. The appellant is the eldest son of Sarah Russell, the sister of the testator, and her children were his next of kin, and heirs at law at the time of the decease of his widow, Mary Heywood. The claim set up by the appellant is, that he, and the other children of Sarah Russell, are entitled to the share of the estate bequeathed to the said Mary Heywood for life, which was the income of one third part of the personal property. The ground of the claim is, that the interest, which the heirs of the testator had in this part of his estate, was contingent, and did not vest until the death of Mary Heywood. But it seems to the court very clear, that the vesting of this part of the testator's estate did not depend on any contingency. The cases cited by the counsel of the appellant are cases of contingent remainders : but no remainder, vested or contingent, was created by the will, as to this part of the estate ; and so as to the real estate, the income of which was given to the wife of the testator so long as she should remain his widow, there is no devise over ; and the reversion, on his death, descended to his two daughters, his heirs at law, as intestate property. This principle of the law of descents was very ably and learnedly discussed in the case of *Cook* v. *Hammond*, 4 Mason, 467 ; and the decision was, that a reversion after a life estate would pass to the heirs of an intestate, in the same manner as an estate in possession. The decision is founded on *St.* 1805. *c.* 90, § 1, which provides that " when any person shall die seized of any lands, tenements, or hereditaments, or of any right thereto, or entitled to any interest therein, in fee simple, or for the life of another, not having lawfully devised the same, the same shall descend in equal shares to his children," &c. The same terms are used in the Rev. Sts. c 61, § 1. That this provision of the statutes embraces rever

sions and remainders, as was in that case decided, we cannot doubt ; so that as to the real estate, the reversion, after the life estate of the testator's widow, descended on his death to his two daughters ; and afterwards the same vested, on their deaths, in their mother. And by the § 2 of *St.* 1805, *c.* 90, it is provided that the personal estate shall be distributed among the same persons, in the same proportion, to whom the real estate shall by virtue of said act descend. We think it therefore clear, that all the property of the testator, not by him devised and bequeathed, descended to, and vested in, the two daughters of the testator, immediately on his death. It is not necessary, therefore, to consider what is the law of England in a like case, nor to distinguish between the gift of the income of property, and that of the property itself. As to real estate, the common law of descent is different ; but that law had no relation to personal property, the distribution of which was first regulated by *St.* 22 & 23 Car. II. *c.* 10, and depends altogether on the construction of that statute. In *Blamire* v. *Geldart,* 16 Ves. 316, it is said by Sir William Grant, that if the testator (in that case mentioned) had given the stock to his wife for life, and at her death to G. P., it would have been clear that he would have a vested interest in nature of a remainder. See also 1 Roper on Leg. (1st Amer. ed.) 394. It is not, however, necessary to consider the English cases referred to at the argument, as the question depends on the construction of the statute of distributions of this Commonwealth.

As to the sixth part of the personal property given to the testator's widow on the happening of a contingency, that becomes immaterial, as the contingency has never happened.

*Decree affirmed.*