SMITH, Appellant, vs. KIBLING, Respondent.

*September 28 — October 22, 1897.*

*Pleading: Motion to make more definite and certain, and to strike out parts: Demurrer.*

1. A motion to make an answer more definite and certain, and to strike out certain portions as irrelevant and frivolous, is not equivalent to a demurrer to the answer. It does not necessarily question the sufficiency of the answer as it would read after striking out the irrelevant matter, so that the rule that demurrers reach back to the first defective pleading has no application.
2. No such pleading is authorized by the Code as a "demurrer by way of answer."

Smith vs. Kibling.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Appeal dismissed.*

Replevin for a piano. The complaint is chary in its statement of the facts constituting the supposed cause of action, but it was not challenged by demurrer. The answer is a general denial, with a statement of facts such as, in the opinion of the pleader, show a complete defense. Indeed, so strong is his conviction of the completeness of the defense stated, that he goes on to say, in his answer, that the defendant "demurs to the plaintiff's *cause of action.*" The plaintiff at once moved that certain parts of the answer be made more definite and certain, and that certain other parts be struck out as irrelevant and frivolous. On the hearing of the motion, the defendant raised the point that the complaint was defective, and failed to state a cause of action. The court took that view of the matter, and made an order in form as sustaining a demurrer to the complaint, with leave to the plaintiff to amend his complaint. The appeal is from that order.

*J. A. Eggen,* for the appellant.

For the respondent there was a brief by *Mock, Riley, Wittig & Schinz,* attorneys, and *Moritz Wittig, Jr.,* of counsel, and oral argument by *Moritz Wittig, Jr.*

NEWMAN, J. It is clear that the order appealed from is not an order which sustains a demurrer to the complaint, within the meaning of the statute allowing appeal from such orders; for there was no demurrer to the complaint. The defendant did not demur, but answered. What is said to be "a demurrer by way of answer" is, very plainly, no demurrer to the complaint at all. No such pleading is authorized. *Jones v. Foster,* 67 Wis. 296. When matters which would render the complaint demurrable do not appear upon the face of the complaint, the objection may be taken by answer. R. S. sec. 2653. Such matters are equally defective

by way of defense upon the trial. The defendant's answer contains matter which he calls "a demurrer by way of answer." It is, in fact and effect, but a statement by the pleader, quite gratuitous and irrelevant as a pleading, that, in his opinion, on the facts *alleged in the answer*, the plaintiff has no cause of action at all. It in no way challenges the adequacy of the complaint. It is as if the pleader had said, "When these facts are proved, the plaintiff will have no cause of action." It is redundant, for all this is implied without the saying. It is the purpose of an answer to state facts which will defeat the plaintiff's recovery.

The motion to strike out parts of the answer as irrelevant and frivolous was not equivalent to a demurrer to the answer. It did not, necessarily, question the sufficiency of the answer as it would read after the alleged irrelevant matter had been stricken out. So the rule that demurrers reach back to the first defective pleading has no application, and the complaint was unchallenged by demurrer.

No practice is known whereby it was competent for the defendant to challenge the sufficiency of the complaint by an oral demurrer. Under the present practice all pleadings are required to be in writing. This rule includes all demurrers to pleadings. The time was when all pleadings were oral. Then it was competent to demur *ore tenus*, or orally. It is now familiar practice to raise the question of the sufficiency of the complaint at the trial by an objection to the reception of evidence under the complaint. This objection is something like the demurrer *ore tenus* of the ancient practice, and some of its consequences are the same; and because of this similarity it is, for convenience, called a demurrer *ore tenus*. But it is not a demurrer at all, within the contemplation of the statute. In practice, this objection is properly made upon the trial when evidence under the complaint is first offered. The ruling upon the objection is a mere ruling upon the trial, to be preserved in the bill of

exceptions.   No appeal from it is allowed other than as allowed from other rulings, in the course of the trial, relating to the admission and exclusion of evidence.   If the objection is sustained, the plaintiff may stand upon his complaint, or the court may permit him to amend it.   If he stands upon it, judgment·goes against him of course.   On appeal from the judgment he may have the ruling reviewed.   No other proceeding is known whereby he can procure it to be reviewed.

Perhaps the objection to the receiving of evidence under the complaint may be made to perform the office of a general demurrer to the complaint by a stipulation to that effect, made in·the trial court.   Almost any irregularity in a matter of mere practice in that court may be cured by a waiver or a stipulation.   So the want of formal pleading may be waived by stipulation.   *State ex rel. Briesen v. Barden,* 77 Wis. 601.

*By the Court.*— The appeal is dismissed.