JENKS, County Judge, Appellant, vs. ALLEN and others, Respondents.

*December 12, 1912—January 7, 1913.*

*Pleading: Demurrer: Want of legal capacity to sue: Objection, how taken: Waiver: Executors and administrators: Removal: Appointment of successor: Validity: Notice: Guardian* ad litem *for minors: Action on bond of executor: Bringing in parties: Taxation of costs: Time limited.*

1. In an action against a removed executor and the sureties on his bond, brought in the name of the county judge for the benefit of the estate, pursuant to sec. 4015, Stats., the complaint showed that an administrator *de bonis non* to succeed the executor had been appointed on a legal holiday. Assuming that such appointment was for that reason without authority and hence that such administrator had not legal capacity to cause the action to be instituted, and treating him as the real plaintiff, such want of capacity was waived by failure of the defendants to demur to the complaint on that ground. [Whether in such action the defendants could object to the validity of the appointment of the administrator *de bonis non*, not decided.]

2. A demurrer *ore tenus* goes to the cause of action and does not reach plaintiff's want of legal capacity to sue.

3. A demurrer by way of answer is not recognized in this state.

4. The appointment of an administrator *de bonis non* under sec. 3804, Stats., to succeed a removed executor may be made without notice and without the appointment of a guardian *ad litem* for minors.

5. Although no guardian *ad litem* for minors was appointed at the time of the probate of the will and issuance of letters testamentary to the removed executor, such executor and his sureties, having become parties to and participated in the proceeding, waived the necessity for such appointment, and the proceeding is binding upon them, though it may be disaffirmed by the minors.

6. To the end that the whole litigation in this case may be speedily closed up as to all parties interested in the estate, the defendants, the removed executor and his sureties, are permitted to have the minors for whom no guardian *ad litem* was appointed made parties to the suit, and the final account of the executor restated.

7. Where the trial court orally ordered the action to be dismissed for lack of authority to sue, but the findings were not prepared or filed until some months thereafter, taxation of costs within sixty days after such filing was permitted by sec. 2894a, Stats. *McDonough v. M. & N. R. Co.* 69 Wis. 358, and *Milwaukee M. & B. Asso. v. Niezerowski*, 95 Wis. 129, distinguished.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

On November 12, 1893, Mary Curry died testate. January 23, 1894, *Phil Allen, Jr.*, was appointed executor and, as such, executed a bond signed by the defendants *W. A. Jones* and *John Allen* as sureties, and approved by the county judge. At the time of his appointment as executor, two minors, Susan Mary Rink and Florence Evangeline Rink, were interested in the estate, but no guardian *ad litem* was appointed for them in the probate proceeding. March 19, 1895, the executor filed his account, which was allowed and settled by the court, showing a balance due the estate of $3,915.28, $3,000 of which he was directed by the judgment of the county court to invest in interest-bearing securities and pay the annual interest thereof to certain of the heirs for specified periods, and, finally, to divide the principal as therein directed. The executor invested said sums in various ways, but there is now no balance remaining in his hands. On the 20th of January, 1910, an order was made requiring *Phil Allen, Jr.*, to render and settle his account as executor on the 22d day of February, 1910. Said order was served upon him, but he did not appear in any manner at the time of the hearing thereof, or at any other time. The defendants *John Allen* and *W. A. Jones* were not served and neither of them appeared at the hearing upon the order. On said 22d day of February, 1910, the county court made an order revoking the letters testamentary theretofore issued to said *Phil Allen, Jr.*, and appointed Jacob Rink administrator *de bonis non* with the will annexed of the estate of Mary Curry, deceased. Susan Mary Rink and Florence Evangeline Rink

were on said 22d day of February, 1910, minors, and were interested in the estate of said Mary Curry. No guardian *ad litem* or special guardian was appointed to look after their interests in the matter of the appointment of Rink as such administrator *de bonis non.* Rink filed the bond required by law, which was approved by the county judge, and letters testamentary as administrator *de bonis non* with the will annexed were thereupon issued to him. The defendants *W. A. Jones* and *John Allen* were notified of all said proceedings in the county court, but not until after the same had taken place. Rink, as such administrator, made a demand upon said defendants for the amount due the estate from *Phil Allen, Jr.,* but they refused to pay him any money whatever on account of the claims he made upon them as sureties of *Phil Allen, Jr.* This action is prosecuted in the name of the county judge by permission of the county court pursuant to sec. 4015, Stats., and Rule XXIII, County Court Rules. The trial court found as conclusions of law that the plaintiff herein had no legal capacity to bring and maintain this action, and dismissed it accordingly. From such judgment of dismissal the plaintiff appealed.

For the appellant there were briefs by *J. B. Reynolds* and *J. P. Smelker,* and oral argument by *Mr. Smelker.*

*T. M. Priestley* and *C. F. Osborn,* for the respondent *William A. Jones.*

VINJE, J. It is urged that this action cannot be maintained because Rink was appointed administrator on the 22d day of February, 1910, which was a legal holiday. Assuming that the court had no authority to appoint Rink as administrator on said date, such want of authority affected his legal capacity to cause the action to be instituted. The complaint alleged that the appointment of Rink as administrator was made on the 22d day of February, 1910. Sec. 2649, Stats. (1898), provides that one ground of demurrer is that plaint-

iff has not legal capacity to sue, and sec. 2653 provides that when any of the matters enumerated in sec. 2649 do not appear upon the face of the complaint the objection may be taken by answer. Here, treating Rink as the real plaintiff, or as in fact instituting the action, the ground of demurrer appeared upon the face of the complaint, and, on failure to take advantage of it by demurrer, it must be deemed to have been waived. *Moir v. Dodson,* 14 Wis. 279; *Wood v. Union Gospel C. B. Asso.* 63 Wis. 9, 22 N. W. 756; *Harrigan v. Gilchrist,* 121 Wis. 127, 247, 99 N. W. 909.- Therefore, it having appeared by the complaint in this case that Rink was appointed administrator on a legal holiday, and no objection to his legal capacity to institute the action having been raised by special demurrer, the right to object thereto is waived. If want of legal capacity to sue does not appear by the complaint it may, of course, be taken advantage of by answer. Sec. 2653, Stats.

A demurrer *ore tenus* was interposed in this case, but such a demurrer goes to the cause of action and does not reach plaintiff's want of legal capacity to sue. *Murray v. McGarigle,* 69 Wis. 483, 34 N. W. 522. The objection that plaintiff has not legal capacity to sue cannot be taken by general demurrer. *State ex rel. Cornish v. Tuttle,* 53 Wis. 45, 9 N. W. 791. It can be taken only by special demurrer or answer. *Manseau v. Mueller,* 45 Wis. 430; *Vincent v. Starks,* 45 Wis. 458.

Defendants allege in their answer that plaintiff has not the legal capacity to sue because the appointment of Rink as administrator is wholly void, on the ground that the county court of Iowa county had no jurisdiction to make such appointment at the time it attempted to appoint him. This may be said to be a demurrer by way of answer, but such a pleading is not recognized in this state. *Jones v. Foster,* 67 Wis. 296, 30 N. W. 697; *Smith v. Kibling,* 97 Wis. 205, 72 N. W. 869.

A further defense to the action is that plaintiff has not the legal capacity to sue because no guardian *ad litem* was appointed to represent the interest of the minors, Susan Mary Rink and Florence Evangeline Rink, at the time of Rink's appointment as administrator *de bonis non* with the will annexed. This raises the question whether or not, upon the appointment of a successor to an executor who has been removed, it is necessary to give notice to parties interested in the estate. It has been held that probate proceedings as to minors for whom no guardian *ad litem* was appointed when letters testamentary or of administration were *first* issued, are void as to the minors; that is, they are not bound by them. As to others who appear therein the proceedings are valid. *O'Dell v. Rogers,* 44 Wis. 136; *Melms v. Pfister,* 59 Wis. 186, 18 N. W. 255; *Frame v. Plumb,* 138 Wis. 179, 118 N. W. 997, 120 N. W. 288. Sec. 3787, Stats., provides for giving notice of a hearing for the probate of a will to all parties interested, and sec. 3808, Stats., provides for giving like notice of the application for the appointment of an administrator of an intestate estate, or for letters of administration with the will annexed. Both of these sections relate to the initial application either for the allowance of the probate of a will or for the appointment of an administrator for an intestate estate. They do not prescribe what must be done in case an executor or administrator is removed and a successor appointed in his place. Sec. 3803, Stats., specifies the cases in which an executor or administrator may be removed, and sec. 3804, Stats., provides for the proceedings upon such removal. As to an executor, that section reads: "When an executor . . . shall be removed . . . the county court shall grant administration of the estate not already administered, with the will annexed." Neither this section nor any other, so far as we are aware, makes any provision for giving notice to parties interested, and there is good reason why such requirement is omitted. In a case where a will is attempted to be pro-

bated in the first instance and an executor is to be appointed, the most important questions that arise are whether or not the proposed instrument is in fact the will of the deceased, and whether .or not it is so executed as to be entitled to probate. Upon these questions the parties interested are certainly entitled to be heard. `After a will is admitted to probate and an executor has been appointed, and the estate is in process of settlement, there may be an absolute necessity for the immediate appointment of a successor, to one who has become disqualified, in order to preserve the estate.

Sec. 1120 of the Revised Code of Mississippi of 1871 provides:

"If any executor or administrator shall die, resign or be removed, or become incompetent, before a final settlement of the estate, letters of administration *de bonis non* shall be granted to the person entitled, under the rules heretofore laid down, and he shall proceed in the administration of the estate to final settlement."

In *Sivley v. Summers,* 57 Miss. 712, it was held that, upon the removal of an executor or upon his resignation, an administrator *de bonis non* could be appointed under the section of the statute quoted without notice to the legatees. And so in Massachusetts it has been held that upon the death of a sole executor or administrator neither the widow nor next of kin have a right to the administration *de bonis non,* but the judge of probate appoints in his discretion. *Russell v. Hoar,* 44 Mass. 187.

It appears that in *Hubbard v. C. & N. W. R. Co.* 104 Wis. 160, 80 N. W. 454, sec. 3808, Stats. (1898), was held applicable to the appointment of an administrator *de bonis non.* Whether or not that case is distinguishable from this by the fact that the first administrator had completed his administration, settled his accounts and been discharged, and the administrator *de bonis non* was the plaintiff of record instead of the county judge, need not be determined. True it is, the

court did not conceive that the appointment in that case was made under sec. 3804, for that section is not mentioned. Here, there can be no question but that the appointment of Rink was pursuant to authority conferred upon the county court by sec. 3804. And it must be held that such appointment, without notice and without the appointment of a guardian *ad litem* for the minors, was valid.

The defendants are in no position to object on the ground that no guardian *ad litem* for the minors was appointed when letters testamentary were issued to *Phil Allen, Jr.* Through their principal they became parties to that proceeding, and, by participating therein, they waived the necessity for the appointment of such guardian, and the proceeding is binding upon them, though it may be disaffirmed by the minors.

It may be a question whether the defendants are in a position to object to the validity of the appointment of Rink in an action against them as sureties on the bond of the removed executor brought in the name of the county judge for the benefit of the estate pursuant to sec. 4015, Stats. *Smith v. Peckham,* 39 Wis. 414; *Johannes v. Youngs,* 45 Wis. 445; *Barney v. Babcock's Estate,* 115 Wis. 409, 91 N. W. 982. To the end, however, that this whole litigation may be speedily and finally closed up as to all parties interested in the estate, the defendants, if they so elect, may have the minors made parties to the suit and the final account of *Phil Allen, Jr.,* restated. By so doing an adjudication can be made that will be conclusive on all parties interested.

It is claimed costs were not taxed within the sixty days required by sec. 2894*a*, Stats., which provides that "whenever a finding shall be filed or a verdict rendered the successful party shall perfect the judgment and cause it to be entered thereon within sixty days," and if he fails to do so no costs shall be taxed. It appears that on the 2d of October, 1911, the court orally ordered the action to be dismissed for lack of authority to sue. The findings, however, were not prepared

and signed by the judge until a long time later, and were not filed until March 4, 1912. On March 12, 1912, costs were taxed. It appears that February 10th the plaintiff served on the defendants an· order to show cause why certain findings proposed by him should not be made the findings of the court. This order was made returnable February 14, 1912. It therefore appears that though the court orally stated the case should be dismissed at the close of the trial, October 2, 1911, yet the findings were not perfected then and were not filed till March 4, 1912. Taxation of costs within sixty days thereafter was permitted by the statute. The cases of *McDonough v. M. & N. R. Co.* 69 Wis. 358, 34 N. W. 120, and *Milwaukee M. & B. Asso. v. Niezerowski,* 95 Wis. 129, 70 N. W. 166, relied upon by plaintiff, do not apply. In the first case a nonsuit was granted, and in the second a general verdict returned. Obviously nothing remained to· be done but enter judgment. Here, after the oral announcement of dismissal the judicial duty was not completed till findings were made, and the time within which costs shall be taxed is limited to sixty days after such findings are filed. No question is raised that the successful party did not prepare the proper judgment for the insertion of costs, as in *Milwaukee M. & B. Asso. v. Niezerowski, supra.*

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings according to law.