ROHLOFF and others, Appellants, vs. FOLKMAN and others, Respondents.

*April 8—July 13, 1921.*

*Motion for severance: Discretion of court: Order granting severance not appealable.*

1. The power of the court to order a severance of causes of action rests in its sound discretion, which will not be disturbed, when exercised, unless there is a manifest abuse thereof; and although an order sustaining a demurrer for misjoinder of causes of action would, under secs. 2649, 2686, Stats., have practically the same result, an order requiring a severance cannot for that reason be treated as in effect an order sustaining a demurrer, and is therefore not appealable under sec. 3069.

2. Where several causes of action are pleaded, the court in its discretion may order a severance.

APPEAL from an order of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Dismissed.*

For the appellants there was a brief by *Umbreit, Mahon & Clark* of Milwaukee, attorneys, and *A. C. Umbreit* of Milwaukee, *J. H. McGillan* of Green Bay, and *A. M. Andrews* of Shawano, of counsel; and the cause was argued orally by *A. C. Umbreit.*

For the respondents there was a brief by *Otto L. Olen* of Clintonville, attorney, and *Miller, Mack & Fairchild* of Milwaukee and *P. H. Martin* of Green Bay, of counsel; and the cause was argued orally by *Edwin S. Mack.*

The following opinion was filed May 3, 1921:

ROSENBERRY, J.    The complaint alleges that each of the plaintiffs was a stockholder of the Four Wheel Drive Auto Company; that the defendants other than Calkins were or are directors of the company; that each of the plaintiffs was induced to sell his respective stock holdings in the said com-

pany to a certain person, designated one of the defendants in each case, through fraudulent concealment by the defendants acting in conspiracy, and the relief prayed for is a rescission of each of the sales and an accounting for the stock purchased and its proceeds. There was brought on for hearing on February 28, 1921, a motion of the plaintiffs to amend the complaint by adding H. J. Calkins as a party defendant and to add to the complaint allegations with respect to said H. J. Calkins. At the same time a motion made by the defendants to dismiss the complaint for misjoinder of causes of action, or, in the alternative, to sever the causes of action, was heard. The motion of the plaintiffs to join H. J. Calkins and for amendment of the complaint with reference to him was denied. The motion of the defendants to dismiss was denied, but the motion to sever was granted, the order providing:

"It is further ordered that the said motion of the defendants for severance of the causes of action of the several plaintiffs be and the same hereby is granted, and that the alleged cause of action of each of the plaintiffs set forth in the complaint shall be, and hereby is, constituted as a separate action, and the said several causes of action hereby are severed and made distinct and separate causes of action, and that the complaint already served herein shall as to each of the plaintiffs stand as and for his separate complaint," permission being given for the necessary amendments.

From this order the plaintiffs appealed, claiming that the motion to sever was equivalent to a demurrer and that the order directing severance is, in substance and legal effect, an order sustaining a demurrer and should be so treated, being analogous to a motion to supersede a writ of *certiorari* or a motion to quash an alternative writ of *mandamus*, which are held to be, in effect, demurrers. *State ex rel. Bidgood v. Clifton*, 113 Wis. 107, 88 N. W. 1019; *State ex rel. South Range v. Tax Comm.* 168 Wis. 253, 169 N. W. 555; *State ex rel. Mueller v. Thompson*, 149 Wis. 488, 137 N. W. 20.

It is pointed out that under sec. 2649, Stats., a misjoinder of causes of action is ground for demurrer and that the order entered is that prescribed by sec. 2686, where a demurrer for improper joinder of causes of action is sustained. It is, in effect, conceded that unless the order directing a severance is, in effect, an order sustaining a demurrer, it is not an appealable order. It is argued that sec. 2654 expressly provides that a failure to object to a misjoinder of causes of action in the manner provided by statute waives the question. *Harrigan v. Gilchrist,* 121 Wis. 127 (99 N. W. 909), at p. 278; *Jenks v. Allen,* 151 Wis. 625 (139 N. W. 433), at p. 628.

The motion to dismiss the appeal is based upon the claim that the order appealed from is not one of the class of orders described in sec. 3069 relating to appealable orders.

The power of the court to order a severance of causes of action is well recognized. It may not be demanded as a matter of right, but rests in the sound discretion of the trial court, which, when exercised, will not be disturbed unless there has been a manifest abuse of the discretion. 1 Corp. Jur. p. 1141, § 369 *et seq.* and cases cited. The argument of plaintiffs' counsel amounts to this: That if a complaint be demurrable by reason of the misjoinder of causes of action and the defendant does not demur, the trial court may not thereafter order a severance in the exercise of sound discretion, although the court might, in the exercise of its discretion, direct a severance if a complaint were not demurrable. We see no reason why the power of the trial court should be so limited and we are cited to no authority sustaining such a proposition. A demurrer to a complaint raises a question of right. A motion to sever causes of action is an appeal to the discretion of the trial court, and while the results may be, as argued, substantially the same, they are in law two distinct things. We cannot, therefore, treat

the motion to sever as a demurrer.    An order directing a severance is not appealable under the provisions of sec. 3069.

*By the Court.*—Appeal dismissed.

Eschweiler, J., dissents.

A motion for a rehearing was denied, with $25 costs, on July 13, 1921.