FUCHS, Plaintiff, v. KUPPER, Defendant.

*November 27—December 20, 1963.*

[1] (1961), 12 Wis. (2d) 168, 107 N. W. (2d) 201.
[2] (1929), 199 Wis. 575, 224 N. W. 748.

108

For the plaintiff there were briefs by *Mathias G. Schimenz* of Milwaukee, attorney, and *Mark M. Camp* of Wauwatosa of counsel, and oral argument by *Mr. Camp*.

For the defendant there was a brief and oral argument by *Harold J. McGrath* of Milwaukee.

GORDON, J.   The plaintiff has appealed from an order of the circuit court which set aside the jury's verdict on the grounds of excessive damages and granted a new trial on the issue of damages unless the plaintiff elected to take judgment for the reduced amounts of $4,000 compensatory damages (instead of $7,500 awarded by the jury) and $2,500 punitive damages (instead of $12,500 awarded by the jury). The defendant has appealed from the same order insofar as it denies the defendant's motion for a new trial as to issues other than damages.

## *The Damages.*

The trial court has the right to grant relief where in its judgment a jury has set damages in an excessive amount. Upon review of such determination, this court will not disturb such determination unless there has been an abuse of discretion. *Blong v. Ed. Schuster & Co.* (1956), 274 Wis. 237, 243, 79 N. W. (2d) 820.

We will first examine the factors relating to the compensatory damages. The record demonstrates that the plaintiff sustained out-of-pocket expenses of $1,060. This represents attorney's fees and the cost of a bail bond. He was arrested by a uniformed policeman and detained for a period from 3:30 in the afternoon until midnight. He was fingerprinted and interrogated by the police. Fuchs testified that he had never been arrested before.

Although previously he had operated a business of his own and worked as a salesman, he was obliged to take work

as a filling-station attendant for a month or two after his arrest. Thereafter, he once again obtained work as a salesman and appears to have continued in such employment. He was forty-three years of age at the time of trial.

The plaintiff was obliged to endure a two-day criminal trial. He undoubtedly sustained mental anguish, humiliation, and loss of dignity by reason of the malicious prosecution. The record is devoid of any evidence as to newspaper or other publicity which may have been adverse to the plaintiff.

Based upon the preceding facts, the trial court concluded that the sum of $7,500 was excessive and not commensurate with the plaintiff's actual damages. The trial court determined that $4,000 would be a fair and reasonable amount. We conclude that this action on the part of the circuit court was not an abuse of its discretion.

We now turn to the question of the punitive damages. The act of the defendant in swearing to a criminal complaint without probable cause and with malice warranted the imposition of such damages. The evidence justified a judgment which awarded "smart money" in favor of the plaintiff in order to punish the wrongdoer for his malice and to discourage others from like conduct. See *Gladfelter v. Doemel* (1958), 2 Wis. (2d) 635, 647, 87 N. W. (2d) 490.

The determination of the proper sum to be assessed as punitive damages is a problem which is not easily resolved. There are conflicting policy considerations which must be considered in the setting of fair damages for malicious prosecution. *Malco v. Midwest Aluminum Sales* (1961), 14 Wis. (2d) 57, 109 N. W. (2d) 516; Wickhem, The Rule of Exemplary Damages in Wisconsin, 2 Wisconsin Law Review (1923), 129. See Anno. 35 A. L. R. (2d) 308.

The wealth of one who is guilty of malicious prosecution is a factor to be considered in determining punitive damages. In the instant case, the defendant appears to have had a net

worth of $165,000 four years before the trial, but at the time of trial he testified that such worth was reduced to $20,000.

We have carefully considered the trial court's determinations that the punitive damages assessed by the jury were excessive and that $2,500 is a proper figure. We conclude that the order issued by the trial court is consistent with the discretion granted to the court. *Malco v. Midwest Aluminum Sales* (1961), 14 Wis. (2d) 57, 109 N. W. (2d) 516; *Lehner v. Berlin Publishing Co.* (1933), 211 Wis. 119, 246 N. W. 579.

### *Defendant's Motion for New Trial.*

The defendant urges that certain rulings made by the trial court were erroneous. He contends that the trial court erred in severing from the instant trial a counterclaim advanced by the defendant against the plaintiff. The trial court determined that such counterclaim more properly should be resolved as a part of a separate lawsuit that had been commenced by the defendant against the bank which had allowed Fuchs to cash checks on the defendant's account. The bank had previously impleaded Fuchs as a party defendant in that lawsuit on the theory that Fuchs might be the one liable to Kupper.

Pursuant to *Rohloff v. Folkman* (1921), 174 Wis. 504, 506, 182 N. W. 735, we consider that the severance granted by the trial court was well within its discretion. The issues in the action by the defendant against the bank and in his counterclaim against Fuchs were closely enough related so that there was no manifest abuse of discretion in this regard.

The defendant also contends that the court committed prejudicial error in sustaining an objection to a question put to Mr. Wills, an assistant district attorney, by defendant's counsel. Mr. Wills was called by the defendant and was asked to state whether he had formulated an opinion as to

"whether or not Kupper had a good case." This question was immaterial in the absence of an offer of proof that it was preliminary to the question whether Mr. Wills' opinion was communicated to the defendant.

The defendant also complains that the trial court did not permit the introduction into evidence of defendant's Exhibit 35. Exhibit 35 is a letter with a recitation of twenty separate accusations made by Kupper against the plaintiff. The letter was sent by Mr. Wills to the plaintiff's attorney. Only two of the alleged instances of dishonest conduct by the plaintiff were actually charged in the criminal complaint, and thus there was no apparent relevance to the other 18 accusations in connection with this malicious prosecution action. Insofar as the letter related to the two items of alleged dishonesty, the material in the letter was merely cumulative; other testimony was offered in connection with the same contentions of Kupper. We conclude that there was no prejudicial error in rejecting Exhibit 35.

*By the Court.*—Order is modified so as to extend the period in which plaintiff may exercise the option to elect to take judgment so that such period will expire twenty days after receipt of the record from this court by the circuit court and, as so modified, is affirmed.