WHITE and wife, Appellants, v. BENKOWSKI and wife, Respondents.

*November 29—December 22, 1967.*

For the appellants there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondents there was a brief and oral argument by *Francis X. Swietlik, Jr.,* of Milwaukee.

WILKIE, J.   Two issues are raised on this appeal.

1.   Was the trial court correct in reducing the award of compensatory damages from $10 to $1?

2.   Are punitive damages available in actions for breach of contract?

### *Reduction of Jury Award.*

The evidence of damage adduced during the trial here was that the water supply had been shut off during several short periods. Three incidents of inconvenience resulting from these shut-offs were detailed by the plaintiffs. Mrs. White testified that the lack of water in the bathroom on one occasion caused an odor and that on two other occasions she was forced to take her children to a neighbor's home to bathe them. Based on this evidence, the court instructed the jury that:

". . . in an action for a breach of contract the plaintiff is entitled to such damages as shall have been sustained by him which resulted naturally and directly from the breach if you find that the defendants did in fact breach

the contract. Such damages include pecuniary loss and inconvenience suffered as a natural result of the breach and are called compensatory damages. In this case the plaintiffs have proved no pecuniary damages which you or the Court could compute. In a situation where there has been a breach of contract which you find to have damaged the plaintiff but for which the plaintiffs have proven no actual damages, the plaintiffs may recover nominal damages.

"By nominal damages is meant trivial—a trivial sum of money."

Plaintiffs did not object to this instruction. In the trial court's decision on motions after verdict it states that the court so instructed the jury because, based on the fact that the plaintiffs paid for services they did not receive, their loss in proportion to the contract rate was approximately 25 cents. This rationale indicates that the court disregarded or overlooked Mrs. White's testimony of inconvenience. In viewing the evidence most favorable to the plaintiffs, there was some injury. The plaintiffs are not required to ascertain their damages with mathematical precision, but rather the trier of fact must set damages at a reasonable amount. Notwithstanding this instruction, the jury set the plaintiffs' damages at $10. The court was in error in reducing that amount to $1.

The jury finding of $10 in actual damages, though small, takes it out of the mere nominal status. The award is predicated on an actual injury. This was not the situation present in *Sunderman v. Warnken*.[2] *Sunderman* was a wrongful-entry action by a tenant against his landlord. No actual injury could be shown by the mere fact that the landlord entered the tenant's apartment, therefore damages were nominal and no punitory award could be made. Here there was credible evidence which showed inconvenience and thus actual injury, and the jury's finding as to compensatory damages should be reinstated.

[2] (1947), 251 Wis. 471, 29 N. W. 2d 496.

## Punitive Damages.

"If a man shall steal an ox, or a sheep, and kill it, or sell it; he shall restore five oxen for an ox, and four sheep for a sheep." [3]

Over one hundred years ago this court held that, under proper circumstances, a plaintiff was entitled to recover exemplary or punitive damages.[4]

*Kink v. Combs* [5] is the most recent case in this state which deals with the practice of permitting punitive damages. In *Kink* the court relied on *Fuchs v. Kupper* [6] and reaffirmed its adherence to the rule of punitive damages.

In Wisconsin compensatory damages are given to make whole the damage or injury suffered by the injured party.[7] On the other hand, punitive damages are given

". . . on the basis of punishment to the injured party not because he has been injured, which injury has been compensated with compensatory damages, but to punish the wrongdoer for his malice and to deter others from like conduct." [8]

Thus we reach the question of whether the plaintiffs are entitled to punitive damages for a breach of the water agreement.

The overwhelming weight of authority supports the proposition that punitive damages are not recoverable in actions for breach of contract.[9] In *Chitty on Contracts,* the author states that the right to receive punitive damages for breach of contract is now confined to the

---

[3] Exodus 22:1.

[4] *McWilliams v. Bragg* (1854), 3 Wis. 377 (*424).

[5] (1965), 28 Wis. 2d 65, 135 N. W. 2d 789.

[6] (1963), 22 Wis. 2d 107, 125 N. W. 2d 360.

[7] *Malco v. Midwest Aluminum Sales* (1961), 14 Wis. 2d 57, 66, 109 N. W. 2d 516.

[8] *Id.*

[9] Annot. (1933), 84 A. L. R. 1345, 1346.

single case of damages for breach of a promise to marry.[10]

Simpson states:

"Although damages in excess of compensation for loss are in some instances permitted in tort actions by way of punishment . . . in contract actions the damages recoverable are limited to compensation for pecuniary loss sustained by the breach."[11]

Corbin states that as a general rule punitive damages are not recoverable for breach of contract.[12]

In Wisconsin, the early case of *Gordon v. Brewster*[13] involved the breach of an employment contract. The trial court instructed the jury that if the nonperformance of the contract was attributable to the defendant's wrongful act of discharging the plaintiff, then that would go to increase the damages sustained. On appeal, this court said that the instruction was unfortunate and might have led the jurors to suppose that they could give something more than actual compensation in a breach of contract case. We find no Wisconsin case in which breach of contract (other than breach of promise to marry)[14] has led to the award of punitive damages.

Persuasive authority from other jurisdictions supports the proposition (without exception) that punitive damages are not available in breach of contract actions.[15]

[10] 1 Chitty, *Contracts* (22d ed. 1961), p. 1339.

[11] Simpson, *Contracts* (2d ed. hornbook series), p. 394, sec. 195.

[12] 5 Corbin, *Contracts*, p. 438, sec. 1077.

[13] (1858), 7 Wis. 309 (*355).

[14] *Simpson v. Black* (1870), 27 Wis. 206.

[15] *White, Inc. v. Metropolitan Merchandise Mart, Inc.* (1954), 48 Del. 526, 107 Atl. 2d 892; *Thompson v. Mutual Benefit Health & Accident Asso.* (D. C. Iowa 1949), 83 Fed. Supp. 656; *Cain v. Tuten* (1950), 82 Ga. App. 102, 60 S. E. 2d 485; *Mabery v. Western Casualty & Surety Co.* (1952), 173 Kan. 586, 250 Pac. 2d 824; *Bland v. Smith* (1955), 197 Tenn. 683, 277 S. W. 2d 377.

This is true even if the breach, as in the instant case, is wilful.[16]

Although it is well recognized that breach of a contractual duty may be a tort,[17] in such situations the contract creates the relation out of which grows the duty to use care in the performance of a responsibility prescribed by the contract.[18] Not so here. No tort was pleaded or proved.

*By the Court.*—Reversed in part by reinstating the jury verdict relating to compensatory damages and otherwise affirmed. Costs to appellants.

---

[16] *McDonough v. Zamora* (Tex. Civ. App. 1960), 338 S. W. 2d 507; *Holt v. Holt* (Tex. Civ. App. 1954), 271 S. W. 2d 477; *Chelini v. Nieri* (Cal. 1948), 188 Pac. 2d 564.

[17] *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. 2d 901; *Presser v. Siesel Construction Co.* (1963), 19 Wis. 2d 54, 119 N. W. 2d 405; *Peterson v. Sinclair Refining Co.* (1963), 20 Wis. 2d 576, 123 N. W. 2d 479.

[18] 38 Am. Jur., *Negligence*, p. 661, sec. 20.