**BENLO CHEMICALS, INC., a Wisconsin Corporation, Plaintiff,**

v.

**BUCKMAN LABORATORIES, INC., a foreign corporation, Defendant.**

No. 81–C–573.

United States District Court, E. D. Wisconsin.

Aug. 14, 1981.

Robert E. Hankel, Schoone, McManus, Hankel & Ware, Racine, Wis., for plaintiff.

Peter J. Stone, Whyte & Hirschboeck, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Buckman Laboratories has moved to dismiss the third cause of action of the plaintiff, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. In response, the plaintiff Benlo Chemicals has moved to amend its complaint so as to rephrase the language of the third cause of action. Both said motions will be granted. In addition, the plaintiff has moved to amend the ad damnum clause of its complaint, and there is no opposition by the defendant to such motion; it, too, will be granted.

The plaintiff's third cause of action avers a claim for punitive damages. The first two causes of action charge that the plaintiff's rights under its contract with the defendant were violated under the Wisconsin Fair Dealership Law, Wis.Stats. § 135.01 et seq. In its third cause of action, the plaintiff's original complaint charged that the "breach of contract in violation of Wisconsin Statutes was outrageous conduct...." In the proposed amended complaint, the third cause of action repeats the reference to "outrageous conduct" and goes on to aver that the breach "amounted to negligent performance of a contract and bad faith refusal to perform contractual terms."

█ I find no reason to bar the plaintiff from amending its complaint. Rule 15(a), Federal Rules of Civil Procedure. However, notwithstanding the amendment and the use of tort language, it is abundantly clear that the third cause of action is bottomed on alleged breach of contract.

In *White v. Benkowski*, 37 Wis.2d 285, 155 N.W.2d 74 (1967), the Wisconsin supreme court stated the general rule that punitive damages are not recoverable in actions for breach of contract. The state supreme court has exempted from that general rule cases involving strict liability in tort. *Wussow v. Commercial Mechanisms, Inc.*, 97 Wis.2d 136, 293 N.W.2d 897 (1980); *Wangen v. Ford Motor Company*, 97 Wis.2d 260, 294 N.W.2d 437 (1980). The court has also exempted cases involving special fiduci-

ary-type relationships between the parties. *Anderson v. Continental Insurance Company*, 85 Wis.2d 675, 271 N.W.2d 368 (1978).

The plaintiff urges that the defendant not only violated the policy of the state of Wisconsin, but also that such violation "was willful and designed purely for the self-aggrandizement of the defendant." Such contentions, in my opinion, cannot successfully convert a claimed breach of contract into the type of conduct which has been construed to permit punitive damages under Wisconsin law. The plaintiff also suggests that there is a "special relationship" between a franchisee and a franchisor which requires "a greater duty than good faith contractual performance," but I find such suggestion without merit.

Therefore, IT IS ORDERED that the plaintiff's motion to amend its third cause of action be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion to amend its complaint by adding a new ad damnum clause for compensatory damages be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion to dismiss the third cause of action be and hereby is granted.

IT IS FURTHER ORDERED that costs on these motions be and hereby are granted to the defendant.