**WHITE HEN PANTRY, DIVISION JEWEL COMPANIES, INC., Plaintiff,**

v.

**Delton L. JOHNSON, Antonia Johnson, d/b/a ToniDel, Inc., et al., Defendants.**

Civ. A. No. 82–C–525.

United States District Court, E.D. Wisconsin.

Dec. 10, 1984.

---

43. Defts. Mot. at 17, and Reply at 16.

Andrew O. Riteris, Toni L. Bonney, Milwaukee, Wis., for plaintiff.

Alan H. Deutch, Eugene E. Detert, Milwaukee, Wis., for defendants Johnson.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

There are four motions pending in this interpleader action, three of which pertain to the Johnson defendants' counterclaim under the Wis. Fair Dealership Law. This decision and order will resolve the pending motions and confirm a trial date for the counterclaim in the first phase of the bifurcated proceedings.

The Johnsons' counterclaim alleges that their dealership was terminated without good cause as that term is defined in § 135.02(6) Wis.Stats., and they seek compensatory and punitive damages. The plaintiff seeks summary judgment on this counterclaim, or in the alternative, that the demand for punitive damages be stricken. Because there are material issues of fact in dispute, the motion for summary judgment will be denied.

■ The defendants' dealership was terminated because they refused to participate in a trial program of 24 hour operation involving the plaintiff's twenty Wisconsin franchises in the summer of 1981. The plaintiff argues that the Johnsons' refusal to participate provided good cause to terminate the dealership since the 24 hour operation program was non-discriminatory, essential, and reasonable. Because the Court agrees with the defendants that whether 24 hour operation is an essential and reasonable requirement at their location is a disputed material issue of fact, summary judgment must be denied. The plaintiff's alternative request to strike the demand for punitive damages will be granted, however, because punitive damages are not available in what is essentially an action for breach of contract. *Benlo Chemicals, Inc. v. Buckman Laboratories,* 520 F.Supp. 160 (E.D.Wis.1981).

■ The Johnson defendants' motion to compel production of documents disclosing the results of the 24 hour campaign at those White Hen franchises which participated will also be denied. The determination of whether the plaintiff had good cause to terminate the defendants' dealership must be based upon the facts as they existed at the time the decision to terminate was made. In addition, the defendants' argument on the summary judgment motion emphasizes that the reasonableness of the 24 hour requirement must be assessed by reference to the conditions at their particular location and their prior experience with 24 hour operation. Consequently, the ultimate results of the 24 hour campaign at other locations are not relevant to the defendants' counterclaim.

■ The defendants' motion for sanctions against the plaintiff and its attorneys for citing an unpublished decision to support their summary judgment motion in violation of § 809.23(3) Wis.Stats. will be denied. Since both parties have supplied the Court with copies of related state court decisions, sanctions are inappropriate. Finally, the plaintiff's motion to add an additional creditor as a defendant in the interpleader phase of this bifurcated action is unopposed and will be granted.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment on the counterclaim is denied and the plaintiff's alternative motion to strike the demand for punitive damages on the counterclaim is granted.

**720**

IT IS FURTHER ORDERED that the defendants' motions to compel discovery and impose sanctions on the plaintiff are denied. The first phase of this bifurcated action will be tried on December 17, 1984 at 9:30 A.M. The parties' final pretrial reports must be submitted on or before Friday, December 14, 1984. If the Court decides after reviewing the reports that a pretrial conference would be appropriate, the conference will be held December 17 before the trial begins.

IT IS FURTHER ORDERED that the plaintiff is granted leave pursuant to Fed. R.Civ.P. 14 to add Starpoint Publishing Corp. as a party defendant. The interpleader phase of this bifurcated action will be scheduled after the conclusion of the first phase and after notice to all parties.