C & A INVESTMENTS and
Bankruptcy Estate of Brian Kelly,
Plaintiffs-Respondents,

v.

Brian J. KELLY, Red Cedar Roth Escrow Trust,
Teresa Hestekin, Trustee and
Patricia J. Kelly,
Defendants-Appellants.

Court of Appeals

*No. 2009AP2420. Submitted on briefs October 5, 2010.
—Decided October 19, 2010.*

2010 WI App 151

(Also reported in 792 N.W.2d 644.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *R. Michael Waterman*, of *Mudge, Porter, Lundeen & Seguin, S.C.*, Hudson.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Michael A. Jacobson* of *Hammarback & Jacobson, S.C.*, River Falls.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Brian Kelly, the Red Cedar Roth Escrow Trust, Teresa Hestekin, and Patricia Kelly (collectively, Kelly) appeal that portion of a judgment awarding punitive damages to C & A Investments and the Bankruptcy Estate of Brian Kelly (collectively, C & A Investments). The trial court awarded punitive damages after a jury found that Kelly violated the Uniform Fraudulent Transfers Act, WIS. STAT. ch. 242.[1] We agree with Kelly that punitive damages are not recoverable under the Act and therefore reverse.

## BACKGROUND

¶ 2. On November 10, 2000, Brian Kelly entered into a land contract with the Christine A. Seidling Living Trust to purchase property in Eau Claire. Kelly subsequently defaulted. A vendor interest in the land contract was transferred to C & A Investments, which initiated a foreclosure action in December 2001. C & A Investments ultimately obtained a $22,663.46 deficiency judgment against Kelly. Kelly does not challenge this judgment.

¶ 3. Instead, the dispute in this case stems from Kelly's conveyance of a 156–acre property known as "the farm" to the Red Cedar Roth Escrow Trust on April 18, 2002. Kelly's stepmother, Patricia Kelly, is the beneficiary of the Trust, and Teresa Hestekin, a family friend and neighbor, is the trustee. Kelly received no consideration for transferring the farm. On the day of the transfer, the Trust granted a mortgage on the farm to "Red Cedar Bank of Boyceville, Wisconsin as Roth Escrow Agent for Patricia J. Kelly." This document was essentially a mortgage and note from the Trust back to

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

its own bank account. In July 2002, the Trust granted another mortgage on the farm to Kori Kelly. Kori Kelly testified she never loaned any money to the Trust, never had an interest in the farm, and did not know the mortgage existed until late 2002.

¶ 4. In October 2002, C & A Investments commenced this action under the Uniform Fraudulent Transfers Act, alleging Kelly fraudulently transferred the farm and encumbered it with sham mortgages to deprive C & A Investments of an asset upon which to execute its deficiency judgment. C & A Investments sought rescission of the deed and mortgages, as well as punitive damages.

¶ 5. After a two-day trial, a jury found that Kelly's conveyance of the farm to the Red Cedar Roth Escrow Trust was a fraudulent transfer. The jury also found that Brian Kelly, Patricia Kelly, and the Trust acted in intentional disregard of C & A Investments' rights with intent to deprive C & A Investments of its legal right to attach a lien on the farm. Additionally, the jury assessed $50,000 in punitive damages against Brian Kelly, $125,000 in punitive damages against Patricia Kelly, and $100,000 in punitive damages against the Trust. The trial court entered judgment setting aside the deed and mortgages and awarding the punitive damages assessed by the jury, but it stayed enforcement of the judgment pending appeal. Kelly now appeals that portion of the judgment awarding punitive damages.

## DISCUSSION

¶ 6. The Uniform Fraudulent Transfers Act provides a comprehensive statutory scheme for redress of transfers made to hinder, delay or defraud any creditor

226

of a debtor. *See* Wis. Stat. § 242.04(1)(a). Wisconsin Stat. § 242.07(1) sets forth the remedies available under the Act:

> In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in s. 242.08, may obtain any of the following:
>
> (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.
>
> (b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with chs. 810 to 813.
>
> (c) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
>
>> 1. An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>>
>> 2. Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>>
>> 3. Any other relief the circumstances may require.

Whether punitive damages are available under the Act is a matter of statutory interpretation. This is a question of law that we review independently. *Marotz v. Hallman*, 2007 WI 89, ¶ 15, 302 Wis. 2d 428, 734 N.W.2d 411.

¶ 7. Punitive damages are not expressly listed among the enumerated remedies in Wis. Stat. § 242.07(1). When the legislature provides a comprehensive statutory remedy, absent some indication to the contrary, the statutory remedy is deemed to be exclusive. *See Socha v. Socha*, 204 Wis. 2d 474, 479, 555

N.W.2d 152 (Ct. App. 1996). Thus, unless the legislature has indicated otherwise, the remedies listed in § 242.07(1) are exclusive and punitive damages are unavailable.

¶ 8.  C & A Investments contends that WIS. STAT. § 242.07(1)(c)3. provides such an indication, in that it permits a creditor to obtain "any other relief the circumstances may require," subject to applicable principles of equity and rules of civil procedure. However, it is a fundamental principle of Wisconsin law that punitive damages are available only where the claimant recovers compensatory damages. *See Tucker v. Marcus*, 142 Wis. 2d 425, 438–39, 418 N.W.2d 818 (1988) ("A general and perhaps almost universally accepted rule is that punitive damages cannot be awarded in the absence of actual damage."); *see also* WIS JI—CIVIL 1707.1 ("You may not, however, award punitive damages unless you have awarded compensatory damages."). The supreme court has carved out one exception to this rule for cases involving intentional trespass to land where only nominal damages were awarded. *See Jacque v. Steenberg Homes, Inc.*, 209 Wis. 2d 605, 619–21, 563 N.W.2d 154 (1997). The *Jacque* exception has not been extended to situations other than intentional trespass.

¶ 9.  The supreme court recently confirmed that compensatory damages are a threshold requirement for awarding punitive damages. In *Groshek v. Trewin*, 2010 WI 51, 325 Wis. 2d 250, 784 N.W.2d 163, the plaintiffs sued their former attorney, alleging he breached his fiduciary duties to them in a transaction in which he purchased their property for less than half its value. *Id.*, ¶¶ 5–7. The trial court rescinded the sale and awarded punitive damages. *Id.*, ¶ 8. The supreme court held the

award was improper because punitive damages are not available where there is no award of compensatory damages. *Id.*, ¶ 33.

■■

¶ 10. Thus, the general rule in Wisconsin is that there can be no punitive damages without compensatory damages. Nothing in the Uniform Fraudulent Transfers Act changes this principle of law.[2] The legislature is presumed to know the state of the law when it enacts or amends legislation. *Eau Claire Cnty. v. General Teamsters Union Local No. 662*, 228 Wis. 2d 640, 646, 599 N.W.2d 423 (Ct. App. 1999). In enacting the Uniform Fraudulent Transfers Act, the legislature could have provided an exception to the compensatory damages requirement for punitive damages, if it intended that result. Because the legislature did not do so, we conclude punitive damages are not available under the Act.

¶ 11. C & A Investments urges us to look to the law of other states that have enacted the Uniform Fraudulent Transfers Act and have construed it to allow recovery of punitive damages. C & A Investments correctly notes that the purpose of uniform laws is to establish uniform statutes and case law across jurisdictions. *See Estate of Matteson v. Matteson*, 2008 WI 48, ¶ 42, 309 Wis. 2d 311, 749 N.W.2d 557; *see also* WIS. STAT. § 242.11 ("This chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it."). C & A Investments

---

[2] In fact, WIS. STAT. § 242.10 states, "Unless displaced by this chapter, the principles of law and equity . . . supplement this chapter."

therefore urges us to adopt the "majority rule" among other states that punitive damages are available under the Act.

¶ 12. However, the out-of-state cases cited by C & A Investments are not particularly helpful. As C & A Investments itself points out, the eight states that have addressed the availability of punitive damages under the Act are split on the issue. Although six states allow punitive damages, two do not.[3] Resolution of the issue in each state depends on that state's underlying law on the availability of punitive damages. Thus, the law in this area is not currently uniform, and is unlikely ever to become uniform under the current version of the Act, in which punitive damages are not specifically addressed.

¶ 13. Alternatively, C & A Investments argues it actually received compensatory damages, in that the trial court made it whole by rescinding the fraudulent transfer and mortgages. C & A Investments cites *White v. Benkowski*, 37 Wis. 2d 285, 290, 155 N.W.2d 74 (1967), for the proposition that "[i]n Wisconsin compensatory damages are given to make whole the damage or injury suffered by the injured party." C & A Investments contends rescission of the deed and mortgages made it whole and therefore amounted to compensatory damages.

---

[3] In *DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.3d 338, 354–55 (7th Cir. 2004), the Seventh Circuit noted that Utah, Missouri, Maine and Ohio allow punitive damages under the Act, but Colorado and Connecticut do not. Texas and Kansas have also allowed recovery of punitive damages under the Act. *See Chu v. Hong*, 185 S.W.3d 507, 513–14 (Tex. App. 2005), *rev'd on other grounds*, 249 S.W.3d 441 (2008); *McCain Foods USA, Inc. v. Central Processors, Inc.*, 61 P.3d 68, 70 (Kan. 2002).

¶ 14. However, C & A Investments takes *White*'s statement about compensatory damages out of context. The court in *White* was describing the difference between compensatory and punitive damages, pointing out that one type is intended to compensate and the other to punish. *Id.* The compensatory damages in *White* were monetary damages, not an equitable remedy like rescission of a deed. *Id.* at 288. *White* does not stand for the proposition that rescission is a form of compensatory damages.

¶ 15. The supreme court's recent decision in *Groshek* confirms that rescission is an equitable remedy and does not constitute compensatory damages. Punitive damages were not available in an action where the trial court ordered rescission of a property sale. *Groshek*, 325 Wis. 2d 250, ¶¶ 4, 8. The decision was based on the rule that "where there is no award of compensatory damages, punitive damages are not available," and the court noted, "In this case, no compensatory damages were sought or awarded." *Id.*, ¶¶ 4, 29. *Groshek* is therefore premised on the fact that rescission is not a form of compensatory damages.

¶ 16. Because C & A Investments was not awarded compensatory damages, it was not entitled to recover punitive damages. Nothing in the Uniform Fraudulent Transfers Act changes this principle of law or otherwise permits a punitive damages award. We therefore reverse that portion of the judgment awarding punitive damages to C & A Investments.

*By the Court.*—Judgment reversed with directions.